# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**CORY J. LIGHTNER**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

FILED
Jan 24 2012, 9:24 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JESSICA BOWLING, )
 )
  Appellant-Defendant, )
 )
   vs. ) No. 35A04-1107-CR-407
 )
STATE OF INDIANA, )
 )
  Appellee-Plaintiff. )

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-0511-FA-45

**January 24, 2012**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In 2006, Jessica Bowling agreed to plead guilty to class A felony neglect of a dependent, and the State agreed to a cap of forty years on the executed portion of her sentence. Along with the plea agreement, Bowling signed a written advisement and waiver of rights that contained the following provision: "By pleading guilty you have agreed to waive your right to appeal your sentence so long as the Judge sentences you within the terms of your plea agreement." Appellant's App. at 22. The trial court sentenced Bowling to forty years, executed.

In 2011, Bowling filed a petition for permission to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2. The State argued that Bowling waived her right to appeal her sentence pursuant to the aforementioned provision. The trial court agreed with the State and denied Bowling's petition. Bowling appeals, arguing that the waiver should not be enforced because it is a misstatement of law. We conclude that the waiver is valid and therefore affirm the trial court.

**Facts and Procedural History**

On August 21, 2006, Bowling and the State entered into a plea agreement, in which Bowling agreed to plead guilty to class A felony neglect of a dependent and the State agreed to dismiss all other pending counts in the cause and to a cap on the executed portion of her sentence of forty years. *Id.* at 16.[1] In relevant part, Bowling's plea agreement provided as follows:

---

[1] The record before us does not reveal the dismissed counts.

7. I understand that I may, if I so choose, plead NOT GUILTY to any offense charged against me; and that if I choose to plead NOT GUILTY, the Constitution guarantees me: (a) the right to a speedy and public trial by jury in this Court; (b) the right, subject to certain exceptions, to be released on reasonable bail until my trial occurs; (c) the right to see and hear, confront and cross-examine all witnesses against me at my trial; (d) the right to use the power of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor at my trial; (e) the right to the assistance of an attorney at every stage of the proceedings including an appeal if I am convicted; (f) the right to testify and also the right not to testify without prejudice; (g) that in the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction upon such charges to a higher court; (h) the right to remain silent, and that the burden is on this State to prove me guilty beyond all reasonable doubt; and (i) the right to be defended in this cause by an attorney. I have the right to employ the attorney of my choice to defend me; I also understand that if I cannot afford to employ an attorney, the Court will provide an attorney for me in this cause. I further understand that I have the right to have an attorney provided by the Court even if I am guilty of the offenses as charged. I understand that by pleading guilty, I specifically WAIVE all of my rights as set out above.

….

18. I hereby state that I understand all of the rights and information contained in this Motion to Enter a Plea of Guilty, and I acknowledge the same by placing my signature on this Motion.

*Id*. at 15, 18-19.

Prior to entering the guilty plea, Bowling received and signed a "Class A Felony Written Advisement and Waiver of Rights" ("the Advisement"). *Id*. at 21-23. In relevant part, the Advisement read,

7. You have the right to a public and speedy trial by jury, the right to confront and cross examine the witnesses against you, the right to subpoena witnesses to testify on your behalf at no cost; the right to require the State to prove you guilty beyond a reasonable doubt at trial at which you do not have to testify, but in which you may testify if you wish; and, the right to appeal any decision made by the judge or jury. By pleading guilty, you will give up and waive each and every one of these rights.

3

....

10.    You understand that you have a right to appeal your sentence if there is an open plea.  An open plea is an agreement which leaves your sentence to the Judge's discretion.  *By pleading guilty you have agreed to waive your right to appeal your sentence so long as the Judge sentences you within the terms of your plea agreement*.

*Id*. at 22 (emphasis added).  At the guilty plea hearing, the trial court asked Bowling whether she had received the Advisement, whether she had read it, whether she had gone over it with her attorney, whether there was any portion that she did not understand, and whether she had signed it.  Bowling answered these questions affirmatively.  *Id*. at 43-44.  On September 19, 2006, the trial court sentenced Bowling to forty years, executed.[2]

On April 28, 2009, Bowling filed a pro-se petition for post-conviction relief.[3]  The trial court appointed the State Public Defender Office to represent Bowling.  On April 29, 2011, Bowling, by counsel, filed a petition for permission to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2.  Bowling presented the following allegations in her petition:  at her sentencing hearing she was not advised of her right to appeal her sentence; she asked her guilty plea attorney to appeal her sentence; her parents asked her

---

[2]  Bowling's appellant's appendix contains a copy of the presentence investigation report on white paper in violation of the Indiana Rules of Court.  Appellant's App. at 63-72.  Indiana Administrative Rule 9(G)(1)(b)(viii) provides that "[a]ll presentence reports pursuant to Ind. Code § 35-38-1-13" are "excluded from public access" and "confidential."  Indiana Appellate Rule 9(J) requires that "[d]ocuments and information excluded from public access pursuant to Ind. Administrative Rule 9(G)(1) shall be filed in accordance with Trial Rule 5(G)."  Indiana Trial Rule 5(G) states, "Whole documents that are excluded from public access pursuant to Administrative Rule 9(G)(1) shall be tendered on light green paper or have a light green coversheet attached to the document, marked 'Not for Public Access' or 'Confidential.'"  Bowling also filed a copy of the presentence investigation report in a green appendix, but that appendix is not marked "Not for Public Access" or "Confidential" as required by Indiana Trial Rule 5.

[3]  This petition is not in the record before us.

guilty plea attorney to appeal her sentence; paragraph 10 of the Advisement was rejected in *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006); paragraph 10 misstates the law in that it provides that by simply pleading guilty she waived her right to appeal her sentence; she sought and received appellate review of her sentences in two other criminal cases, in which the advisements and waiver of rights contained language identical to paragraph 10 in the Advisement; and she was not at fault for failing to file an appeal and had been diligent in seeking an appeal after learning that an appeal had not been filed. *Id*. at 9-12. The State filed a response to Bowling's petition, in which it asserted that pursuant to paragraph 10 in the Advisement, Bowling had waived her right to appeal her sentence. *Id*. at 101-03.

On June 21, 2011, the trial court held a hearing on Bowling's petition, during which each side presented argument but no evidence. On June 30, 2011, the trial court entered its order finding that Bowling voluntarily waived her right to appeal her sentence and denying her petition for permission to file a belated notice of appeal. Bowling appeals the denial of her petition.

**Discussion and Decision**

The failure to file a timely notice of appeal forfeits the right to a direct appeal except as provided by Indiana Post-Conviction Rule 2. Ind. Appellate Rule 9(A)(5). Indiana Post-Conviction Rule 2 permits an "eligible defendant" to petition the trial court for permission to file a belated notice of appeal. An "eligible defendant" for purposes of Post-Conviction Rule 2 "is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a

5

notice of appeal, filing a motion to correct error, or pursuing an appeal." To successfully obtain permission to file a belated notice of appeal, an eligible defendant is required to prove "by a preponderance of the evidence" that "the failure to file a timely notice of appeal was not due to the fault of the defendant [and] the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule."[4] Ind. Post-Conviction Rules 1(5) and 2(1)(a).

The parties frame their arguments in terms of fault and diligence, but their arguments regarding fault ultimately rest on whether Bowling waived her right to appeal her sentence pursuant to paragraph 10 of the Advisement. *See* Appellant's Br. at 7-8; Appellee's Br. at 6-8. The trial court denied Bowling's petition without reference to fault or diligence because it found that Bowling waived her right to appeal her sentence pursuant to paragraph 10 of the Advisement. We think that the issue of whether Bowling waived her right to appeal her sentence pursuant to the terms of paragraph 10 is relevant to the threshold determination of whether Bowling is an "eligible defendant" under Post-Conviction Rule 2. *See Dawson v. State*, 938 N.E.2d 841, 844-45 (Ind. Ct. App. 2010) (noting that plain definition of eligible defendant encompasses those who possessed right but failed to file timely direct appeal of conviction or sentence after trial or plea of guilty), *trans. granted*, *opinion adopted*, 943 N.E.2d 1281 (Ind. 2011). We observe that the validity of paragraph 10 involves a pure

---

[4] There are no set standards defining fault or diligence; each case turns on its own facts. *Moshenek v. State*, 868 N.E.2d 419, 423 (Ind. 2007). In assessing a defendant's diligence and lack of fault in the delay of filing, we have found the following factors relevant: "'the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.'" *Id*. (quoting *Land v. State*, 640 N.E.2d 106, 108 (Ind. Ct. App. 1994)).

question of law. We evaluate questions of law under a de novo standard and owe no deference to the trial court's determinations. *McCown v. State*, 890 N.E.2d 752, 756 (Ind. Ct. App. 2008).

Turning now to the merits of Bowling's appeal, we note that in exchange for Bowling's guilty plea to class A felony neglect of a dependent, the State dismissed the other counts and agreed to a forty-year cap on the executed portion of her sentence. A plea agreement in which the trial court has discretion over the length of the sentence is referred to as an "open plea." *Johnson v. State*, 898 N.E.2d 290, 291 (Ind. 2008) (citation and quotation marks omitted). Where a plea agreement leaves sentencing to the trial court's discretion, a defendant is entitled to contest on direct appeal the merits of a trial court's sentencing decision. *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004). This includes a plea agreement wherein a defendant agrees to a sentencing cap or range. *Childress*, 848 N.E.2d at 1079-80. However, our supreme court has held that a defendant can waive the right to appellate review of his sentence as a part of a written plea agreement as long as such waiver is made knowingly and voluntarily. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008).

Along with her written plea agreement, Bowling signed the Advisement. Bowling's argument focuses on the third sentence of paragraph 10 of the Advisement, which reads: "By pleading guilty you have agreed to waive your right to appeal your sentence so long as the Judge sentences you within the terms of your plea agreement." Appellant's App. at 22. Bowling argues that this sentence is confusing and should not be enforced. She asserts that paragraph 10 "is a misstatement of the law as it states that by simply pleading guilty, Ms.

Bowling has waived her appellate rights." Appellant's Br. at 8. We disagree with Bowling's characterization of the sentence.

The sentence in issue is not a statement of a general principle of law; it is a provision in a contract. *See Brewer v. State*, 830 N.E.2d 115, 118 (Ind. Ct. App. 2005) ("A plea agreement is a contract, binding upon both parties when accepted by the trial court."), *trans. denied*. Further, the sentence does not read, "By pleading guilty you waive your right to appeal your sentence …." Instead, it reads, "By pleading guilty you have agreed to waive your right to appeal your sentence …." Therefore, by signing the Advisement, Bowling acknowledged that she "agreed" to waive her right to appeal her sentence.[5]

The language in paragraph 10 is similar to that in *Creech*.[6] There, the defendant's written plea agreement contained the following provision:

> I understand that I have a right to appeal my sentence if there is an open plea. An open plea is an agreement which leaves my sentence to the Judge's discretion. I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement.

887 N.E.2d at 74. Our supreme court held that this "express language" was enforceable. *Id.* at 76. In so holding, the court rejected Creech's argument that because the trial court erroneously advised Creech at the end of his sentencing hearing that he retained the right to appeal his sentence his waiver was not knowing and voluntary. The supreme court noted that

---

[5] Bowling argues that our supreme court rejected the type of waiver contained in paragraph 10, citing *Childress*, 848 N.E.2d at 1080. However, *Childress* did not involve an express waiver in a plea agreement but rather held that when a defendant enters into a plea agreement in which the trial court is left with discretion in sentencing, a defendant does not acquiesce or implicitly agree that the sentence imposed is appropriate.

[6] It is not identical, as the State asserts.

8

"most waivers are effective when set out in writing and signed," and "[t]he content and language of the plea agreement itself, as well as the colloquy where necessary, govern the determination as to the validity of the waiver." *Id*. (citations and quotations omitted).

Bowling attempts to distinguish *Creech* by arguing that in her case the trial court failed to advise her that she had a right to appeal her sentence. However, in *Creech,* the trial court's erroneous statement to Creech at the sentencing hearing indicating that he had the right to appeal his sentence served as the basis for Creech's argument on appeal that the waiver was not knowing and voluntary.[7] Here, Bowling cannot claim that she was confused by any statement provided by the trial court because the trial court did not provide her with incorrect information. Thus, the difference between the cases that Bowling highlights actually reveals that her argument is weaker than Creech's.

In any event, "'a specific dialogue with the judge is not a necessary prerequisite to a valid waiver of appeal, if there is other evidence in the record demonstrating a knowing and voluntary waiver.'" *Id*. (quoting *U.S. v. Agee*, 83 F.3d 882, 886 (7th Cir. 1996)). Here, during the guilty plea hearing, Bowling agreed that she had received the Advisement, had read it, had gone over it with her attorney, understood it, and signed it. Appellant's App. at

---

[7] Our supreme court rejected Creech's argument, noting that the trial court had provided the erroneous advisement at the sentencing hearing after Creech had already pled guilty and received the benefit of his bargain. However, where the trial court inaccurately advised the defendant at the guilty plea hearing regarding the right to appeal his sentence, we have found that the written waiver was unenforceable. *See Bonilla v. State*, 907 N.E.2d 586, 590 (Ind. Ct. App. 2009) (concluding that defendant did not waive right to appeal sentence when trial court informed him at guilty plea hearing that he may have waived his right to appeal sentence and English was not defendant's native tongue), *trans. denied*; *Ricci v. State*, 894 N.E.2d 1089 1093-94 (Ind. Ct. App. 2008) (concluding that defendant did not waive right to appeal sentence where trial court clearly and unambiguously stated at plea hearing that it read plea agreement and defendant had not surrendered right to appeal sentence), *trans. denied*.

43-44. We conclude that the content and language of the Advisement and the trial court's discussion of it with Bowling at the guilty plea hearing are sufficient to support enforcement of the waiver in paragraph 10.[8]

Although we prefer the waiver language in *Creech* over that in paragraph 10, paragraph 10 sufficiently informs a defendant that although she has a right to appeal an open sentence, she is agreeing to waive that right as part of her plea agreement. That said, to avoid even the possibility of confusion, such a waiver provision would be improved by using the following language or language similar thereto: "As a condition of entering this plea agreement, I knowingly and voluntarily agree to waive my right to appeal my sentence on the basis that it is erroneous or for any other reason so long as the Judge sentences me within the terms of my plea agreement." In addition, it would be helpful to include a waiver of the right to appeal an open sentence in the plea agreement itself, as well as any written advisement and waiver of rights that is executed along with the plea agreement.

---

[8] In attempting to argue that her waiver was not knowing or voluntary, Bowling notes that prior to pleading guilty in this case, she filed a notice of appeal in two other criminal cases in which the advisements contained language identical to paragraph 10. The details are that on May 20, 2006, Bowling pled guilty in a consolidated plea agreement to the charges in these two other criminal causes. Appellant's App. at 81-87. The State agreed to caps on the executed portions of Bowling's sentences and agreed that the sentences were to run concurrently but otherwise left sentencing to the trial court's discretion. The advisements in these two causes contained exactly the same language as paragraph 10 here. *Id*. at 89, 92. The same attorney who represented Bowling in this case also represented Bowling in these other two criminal causes, but a different judge presided. On August 9, 2006, Bowling filed a notice of appeal in both causes. *Id*. at 79. On appeal, the State did not argue that Bowling had waived her right to appeal her sentences. *Bowling v. State*, No. 35A04-0612-CR-715 (Ind. Ct. App. March 12, 2007); *Bowling v. State*, No. 35A02-0612-CR-1121 (Ind. Ct. App. March 1, 2007). Simply because Bowling sought and received appellate review of her sentences in causes where the State failed to argue that she waived her right to appellate review does not compel us to invalidate the waiver in this case.

10

In this case, the State directs us to the chronological case summary, in which the trial court entered the following finding: "The Court finds the Defendant knowingly and voluntarily waived her right to appeal her sentence (guilty plea paragraph 18)." *Id*. at 4. We observe that a trial court is not required to make express findings regarding a defendant's intention to waive his appellate rights. *See Creech*, 887 N.E.2d at 77 ("Acceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver."); *Moshenek v. State*, 868 N.E.2d 419, 424 (Ind. 2007) ("The right to appeal a sentence is not among those rights of which a trial court is required to inform a defendant before accepting a guilty plea.") (citing Ind. Code § 35-35-1-2). Nevertheless, because the trial court made such a finding here, citing a specific paragraph in Bowling's plea agreement, we have reviewed the plea agreement and found that it does not include a waiver of the right to appellate review of an open sentence. Appellant's App. at 14-20. There is some overlap between the guilty plea and the Advisement, but the waiver of the right to appeal an open sentence appears only in the Advisement. Including the waiver of the right to appeal an open sentence in the plea agreement would be similar to the inclusion of other waiver provisions that are in the plea agreement, such as those waiving the requirement of sentencing within thirty days and waiving the right to a jury trial on sentencing factors that could be used to increase the sentence. *Id*. at 18 (paragraphs 16 and 17).

Based on the foregoing, we conclude that Bowling waived the right to challenge her sentence in a direct appeal, and therefore we affirm the trial court's denial of her petition for permission to file a belated notice of appeal.

Affirmed.

MAY, J., and BROWN, J., concur.