**FOR PUBLICATION**



FILED
Jul 17 2012, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY D. STONEBRAKER**
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARRELL LARUE BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A04-1109-CR-551 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Vicki L. Carmichael, Judge
Cause No. 10C04-1003-FA-48

**July 17, 2012**

**OPINION – FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Darrell Larue Brown attempts to appeal the appropriateness of the sentence imposed after he pled guilty to two counts of child molesting as class B felonies.[1]

We affirm on the basis that Brown waived his right to appeal.

## ISSUE

Whether Brown knowingly and voluntarily waived his right to a direct appeal of his sentence.

## FACTS

On March 5, 2010, the State charged Brown with nine counts of child molesting. On August 22, 2011, Brown pled guilty to two counts of child molesting as class B felonies in exchange for the dismissal of the other counts. As described below, sentencing was left to the discretion of the court.

Paragraph 12 of the plea agreement provided:

The Defendant understands that he has the right to a direct appeal of any sentence handed down by the Judge if there is an open plea. An open plea is any plea which leaves all or part of sentencing to the discretion of the Judge. The Defendant hereby waives his right to appeal his sentence so long as the Judge sentences him within the terms of the plea agreement. The Defendant further agrees that any sentence within the range provided in the plea agreement is reasonable and appropriate, including the maximum sentence, based upon aggravating circumstances which are hereby stipulated.

(App. 28-29).

Paragraph 14 of the plea agreement provided:

---

[1] Ind. Code § 35-42-4-3.

2

Upon the Defendant entering a blind or open plea of guilty to child molesting (Class B felony) as charged in Count I of the Amended Information filed against him, the Court shall have complete discretion in sentencing the defendant pursuant to I.C. 35-50-2-5 (Class B felony) to a fixed term of between six (6) and twenty (20) years at the Indiana Department of Correction.

(App. 29). This provision, as it applied to Count II, was repeated in Paragraph 16.

At the guilty plea hearing, the following exchange occurred:

THE COURT: And you understand that under this plea agreement, this is a blind plea or what's called an open plea and you will not have the right to appeal your conviction, but you would have the right to appeal any sentence. It says he's waiving his right to appeal the sentence. Is that right [Assistant Public Defender] Mr. Adams?

MR. ADAMS: I believe so Your Honor.

THE COURT: Okay. So you understand that you're waiving your right also to appeal any sentence imposed by the trial court as long as the sentence is within the range of a Class B felony?

DEFENDANT: Yes ma'am.

(Tr. 9).

Later in the hearing, the trial court reaffirmed Brown's waiver:

THE COURT: You indicated that you waive your right to seek modification in the judgment entered and waive your right to appeal the sentence imposed in this case as long as it's within that range, you understand that?

DEFENDANT: Yes ma'am.

(Tr. 14-16).

3

The trial court subsequently accepted the plea agreement, and it sentenced Brown to two twenty-year concurrent terms with four years suspended to probation.

DECISION

Brown attempts to appeal his sentence as inappropriate. The State counters that Brown has waived his right to directly appeal his sentence.

In *Creech v. State*, 887 N.E.2d 73, 77 (Ind. 2008), our supreme court held that Creech, by signing a plea agreement containing a sentencing waiver provision, knowingly and voluntarily waived his right to appellate review of the sentence. The court held that the waiver provision was valid even though Creech was not orally advised of the provision by the trial court. The waiver in *Creech* was materially similar to the one contained in the present case.

In *Bowling v. State*, 960 N.E.2d 837, 843-44 (Ind. Ct. App. 2012), *trans. denied*, this court held that such a waiver provision was effective even though the provision was contained in an written advisement of rights and was not contained in either the guilty plea or mentioned by the trial court at the guilty plea hearing.

In *Holloway v. State*, 950 N.E.2d 803 (Ind. Ct. App. 2011), *Bonilla v. State*, 907 N.E.2d 586 (Ind. Ct. App. 2009), *trans. denied*, and *Ricci v. State*, 894 N.E.2d 1089 (Ind. Ct. App. 2008), *trans. denied*, waivers of the right to appeal the sentence were signed. The trial court judge in each case, however, erroneously informed the defendant that he retained the right to appeal his sentence. We held in each case that because of the trial

4

court's statements the defendant did not knowingly and voluntarily waive the right to appeal his sentence.

In the present case, like in *Creech*, Brown signed a clearly stated written waiver of the right to appeal his sentence. Also, unlike in *Holloway, Bonilla,* and *Ricci*, Brown was accurately advised by the trial court concerning the effect of his waiver. Furthermore, the trial court imposed a sentence that was within the terms of the plea agreement. The evidence supports the conclusion that Brown knowingly and voluntarily waived his right to raise the propriety of his sentence on direct appeal.

We affirm the sentence imposed by the trial court.

RILEY, J., and NAJAM, J., concur.