**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 09 2012, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ADAM C. SQUILLER**
Auburn, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BOBBIE BUCKLES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 17A05-1206-CR-300 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE DEKALB SUPERIOR COURT
The Honorable Monte L. Brown, Judge
Cause Nos. 17D02-1004-FA-12 & 17D02-1006-FC-36

**October 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

STATEMENT OF THE CASE

Bobbie Buckles appeals her sentence, following a guilty plea under two causes, to class C felony possession of precursors[1] and class B felony possession of methamphetamine.[2]

We affirm and remand.

ISSUES

1.  Whether this case should be remanded for the trial court to correct its sentencing order.

2.  Whether Buckles waived her right to appeal her sentence as inappropriate.

FACTS

On April 22, 2010, the State charged Buckles, under cause number 17D02-1004-FA-12 ("FA-12"), with the following crimes: Count I, class A felony dealing in methamphetamine; Count II, class B felony possession of methamphetamine; Count III, class B felony possession of cocaine or a narcotic drug; Count IV, class C felony possession of precursors; Count V, class D felony possession of a controlled substance; Count VI, class D felony maintaining a common nuisance; Count VII, class A misdemeanor possession of marijuana; and Count VIII, class A misdemeanor possession of paraphernalia. On June 4, 2010, the State charged Buckles, under cause number 17D02-1006-FB-36 ("FB-36"), with Count I, class B felony possession of methamphetamine; and Count II, class A misdemeanor possession of paraphernalia. While Buckles was out on bond in these two causes out of

---

[1] Ind. Code § 35-48-4-14.5(f).

[2] I.C. § 35-48-4-6.1(b)(2).

2

DeKalb County, she was charged with having committed class D felony theft and two counts of class C felony forgery in Steuben County.

On January 30, 2012, Buckles entered into a written plea agreement, wherein she agreed to plead guilty to class C felony possession of precursors in cause FA-12 and to class B felony possession of methamphetamine in cause FB-36. In exchange, the State agreed to dismiss the remaining eight charges in the two causes. The plea agreement left sentencing to the trial court's discretion, but it provided that the sentences in both causes would run concurrently and would be "subject to a 'cap' of ten (10) years on the executed portion of any term of imprisonment." (App. 197).

Additionally, as part of her plea agreement, Buckles agreed to waive her right to appeal any sentence entered within the terms of her plea agreement. In relevant part, Buckles's plea agreement provided in bolded terms:

> **6. He or she knowingly, intelligently, and voluntarily waives his or her right to challenge any sentence consistent with this agreement on the basis that said sentence is erroneous or inappropriate.**

(App. 197). During the guilty plea hearing, the trial court had Buckles confirm that she had read, understood, and signed the plea agreement and had discussed it with her attorney. At the conclusion of the guilty plea hearing, the trial court accepted Buckles's guilty pleas to the charges in the two causes and entered judgments of conviction.[3]

---

[3] Buckles also entered a guilty plea in her Steuben County case. Specifically, she pled guilty to class D felony theft and, in April 2012, received an executed sentence of two years.

3

On May 7, 2012, the trial court held Buckles's sentencing hearing on causes FA-12 and FB-36. The trial court found that the one mitigating factor of Buckles's guilty plea was outweighed by the following aggravating factors: (1) her criminal history;[4] (2) her past failed attempts at rehabilitation; (3) her history of probation violations; (4) her commission and conviction of an additional felony while on bond; and (5) her positive drug screen for cocaine and methamphetamine that occurred during her application for community corrections in Steuben County. The trial court imposed a twelve (12) year sentence, with ten (10) years executed in the Department of Correction and two (2) years suspended to probation for her *class C felony* possession of precursors conviction in cause FA-12. In cause FB-36, the trial court imposed a concurrent term of four (4) years executed in the Department of Correction for her *class B felony* possession of methamphetamine conviction. Further, the trial court ordered that this aggregate ten (10) year executed sentence be served consecutively to her sentence from her Steuben County conviction. At the end of the sentencing hearing, the trial court informed Buckles that she had a right to appeal her sentence.

Thereafter, Buckles filed a notice of appeal to commence an appeal of her sentence. After the transcript and record were filed and before any appellate briefs were filed with this Court, the Honorable Monte L. Brown, the trial judge in this case, filed a Notice to Court of Appeals and Request for Instruction ("Notice") with this Court. In his Notice, Judge Brown

---

[4] Buckles's criminal history included, among other convictions, federal convictions for possession with intent to distribute more than fifty grams of crack cocaine and possession of a firearm during and in relation to a drug trafficking crime, for which she was sentenced to an aggregate term of 123 months in federal prison followed by five years of probation.

4

acknowledged that he had "inadvertently attributed" the wrong sentence to the wrong cause number in his pronouncement of sentence and sentencing order, and he requested an instruction from this Court on the process to follow to correct the sentencing order in cause FA-12 and cause FB-36 to "accurately and correctly reflect the Cause Numbers for each of the sentences imposed." *See* Notice at 2. Thereafter, our Court issued an order accepting the filing of Judge Brown's Notice and referring the Notice to the writing panel assigned to this appeal.

DECISION

1. <u>Remand to Correct Sentencing</u>

Buckles argues that the trial court erred by imposing a sentence on her class C felony conviction that exceeds the maximum sentence allowed for a class C felony set forth in Indiana Code § 35-50-2-6. Buckles acknowledges that the trial court may have confused the cause numbers for the convictions when sentencing her, and she requests that this Court either reduce her class C felony sentence to eight years or remand to the trial court to correct the error.

Buckles is correct that the ten-year executed sentence imposed for her class C felony exceeds the statutory maximum. *See* Ind. Code § 35-50-2-6 (explaining that the term of imprisonment for a class C felony is between two and eight years). Additionally, Buckles's four-year executed sentence imposed for her class B felony falls below the statutory minimum. *See* I.C. § 35-50-2-5 (explaining that the term of imprisonment for a class B

5

felony is between six and twenty years). The trial court, however, has acknowledged this mistake and has petitioned this Court seeking to correct the transposition of the sentences in causes FA-12 and FB-36. Accordingly, we remand with instructions for the trial court to enter, in causes FA-12 and FB-36, a new sentencing order and abstract of judgment consistent with the plea agreement and Indiana Code §§ 35-50-2-5 and 35-50-2-6.

2. <u>Waiver of Right to Appeal Sentence</u>

Buckles argues that her ten-year executed sentence was inappropriate. Generally, a defendant who pleads guilty under an open plea agreement may challenge the merits of the trial court's sentencing decision on direct appeal. *Creech v. State*, 887 N.E.2d 73, 74 (Ind. 2008) (citing *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004)).

Here, however, Buckles's plea agreement contained a provision—in boldface type— explicitly waiving her right to challenge the appropriateness of her sentence as long as the trial court sentenced her pursuant to the terms of her plea agreement. Although the parties do not discuss this waiver provision, we must determine whether Buckles waived her right to appeal the appropriateness of her sentence pursuant to the provision in her plea agreement. *See Bowling v. State*, 960 N.E.2d 837, 841 (Ind. Ct. App. 2012) (reviewing whether the defendant had waived her right to appeal her sentence despite the parties failure to address the issue), *trans. denied*.

Our Indiana Supreme Court has held that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." *Creech*, 887 N.E.2d at

6

In *Creech*, the defendant entered into a plea agreement that contained a provision waiving his right to appeal his sentence as long as the trial court sentenced him within the terms of his plea agreement. *Id.* at 74. After the defendant had pled guilty and after the trial court had pronounced his sentence, which was within the terms of the plea agreement, the trial court "erroneously advised" the defendant that he had the right to appeal his sentence. *Id.* at 77.

On appeal, the defendant argued that he did not waive his right to appellate review of his sentence because the trial court advised him of his right to appeal and because the trial court made no express finding that he intended to waive his appellate rights. *Id.* at 76. The *Creech* Court upheld the waiver provision despite the trial court's erroneous advisement made at the sentencing hearing, explaining that "[b]y the time the trial court erroneously advised [the defendant] of the possibility of appeal, [the defendant] had already pled guilty and received the benefit of his bargain" and that "[b]eing told at the close of the [sentencing] hearing that he could appeal presumably had no effect on that transaction." *Id.* at 77. Thus, the *Creech* Court held that the trial court's statements at the sentencing hearing were "not grounds for allowing [the defendant] to circumvent the terms of his plea agreement." *Id.* at 76. Additionally, the Court held that the trial court was not required to make an express finding that the defendant had intended to waive his appellate rights to review of his sentence because "[a]cceptance of the plea agreement containing the waiver provision [was] sufficient to indicate that . . . the defendant knowingly and voluntarily agreed to the waiver." *Id.*

7

Here, at the time the trial court erroneously advised Buckles that she had a right to appeal her sentence, she had already pled guilty to the two charges, and the trial court had accepted her pleas, entered judgment against her, and pronounced her sentences. Additionally, she had received the benefit of her bargain as the remaining eight charges, including one class A felony, two class B felonies, two class D felonies, and three class A misdemeanors, were dismissed. Further, Buckles makes no argument that her ten-year executed sentence was outside the terms of the plea agreement. Therefore, she has waived appellate review of her sentence and cannot now challenge the appropriateness of her sentence. *See, e.g.*, *Creech*, 887 N.E.2d at 75-76; *Brattain v. State*, 891 N.E.2d 1055, 1057 (Ind. Ct. App. 2008) (concluding that the trial court's appointment of appellate counsel following defendant's plea did not invalidate the appellate waiver provision in his plea agreement); *cf. Bonilla v. State*, 907 N.E.2d 586, 590 (Ind. Ct. App. 2009) (holding that the defendant did not waive the right to appeal his sentence where, during the plea hearing and before he had received the benefit of his bargain, the trial court advised the defendant that he "may" have waived the right to appeal but then promptly advised him of the right to appeal and then again advised him of the right to appeal at the sentencing hearing), *trans. denied*; *Ricci v. State*, 894 N.E.2d 1089, 1094 (Ind. Ct. App. 2008) (concluding that the defendant had not waived the right to appeal his sentence despite the waiver provision in his plea agreement where the trial court stated, at the guilty plea hearing, that the trial court had read the plea agreement and advised the defendant that he "had not surrendered the right to appeal

8

his sentence"), *trans. denied*.

Affirmed and remanded.

FRIEDLANDER, J., and BROWN, J., concur.