## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 15 2017, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jay T. Hirschauer
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew R. Elliot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald E. Morris,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 15, 2017

Court of Appeals Case No.
91A02-1606-CR-1363

Appeal from the White Superior Court

The Honorable Robert B. Mrzlack, Judge

Trial Court Cause No.
91D01-1403-FA-29

**Mathias, Judge.**

[1] Donald E. Morris ("Morris") pleaded guilty in White Superior Court to Class A felony dealing in methamphetamine. On appeal, White contends that the

sentence imposed by the trial court was inappropriate. Concluding that White waived his right to appeal his sentence, we affirm.

## Facts and Procedural History

In June 2014, Morris was a sixty-two-year-old disabled veteran of the Vietnam War who suffered from post-traumatic stress disorder ("PTSD"). Morris had been given a 70% disability rating due to his PTSD and still had shrapnel in his body as a result of his war injuries. Morris was also addicted to methamphetamine. On June 19, Morris made arrangements with a person with whom he was acquainted to come to his home and give him pseudoephedrine pills in exchange for methamphetamine. In fact, this person was a confidential informant working for the Indiana State Police. The amount of methamphetamine the informant bought was 3.09 grams.

As a result of this controlled buy, the State charged Morris on March 11, 2014, with Class A felony dealing in methamphetamine. After bonding out of jail, Morris sought treatment for his methamphetamine addiction and PTSD at a facility operated by the U.S. Department of Veterans Affairs. Morris did not do well in outpatient treatment and attempted to commit suicide. Thereafter, he was admitted to an inpatient treatment facility and completed the treatment program successfully.

On July 17, 2015, Morris entered into a plea agreement that called for him to plead guilty to Class A felony dealing in methamphetamine in exchange for the minimum twenty-year sentence. In addition, the plea agreement provided that

the State would make no recommendation as to sentencing and that the placement for sentencing would be left to the discretion of the trial court. Paragraph 4 of the plea provided, "[t]he Defendant waives his right to appeal any sentence imposed by the trial court that is within the range set forth in the plea agreement. Further, Defendant knowingly, intelligently and voluntarily waives his right to challenge the sentence on the basis that it is erroneous." Appellant's App. p. 65.

On May 13, 2016, the trial court accepted the plea and sentenced Morris to the minimum term of twenty years. The trial court ordered Morris to serve ten years executed in the Indiana Department of Correction with the remaining ten years to be served on home detention. Morris now appeals.

## Discussion and Decision

Morris claims that his sentence is inappropriate in light of the nature of the offense and the character of the offender. The State argues that, in his plea agreement, Morris waived his right to appeal his sentence. We agree with the State.

Our supreme court has held that a defendant can waive the right to appellate review of his sentence as a part of a written plea agreement as long as the waiver is knowingly and voluntarily made. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). Here, Morris makes no argument that his plea was not knowingly and voluntarily made, and if he did, such an argument would be meritless.

[8] During the guilty plea hearing, the trial court advised Morris of his rights, explained the rights he would forfeit by pleading guilty, inquired into Morris's mental ability to enter into the plea agreement, and ensured that Morris was neither threatened nor forced to enter into the plea agreement. Tr. pp. 5-8. The trial court also explained that by pleading guilty, Morris was admitting to the facts underlying the charge against him, which Morris acknowledged. When asked, "Is your plea of guilty your own free and voluntary act," Morris responded, "Yes." Tr. p. 12. When asked, "And by pleading guilty you are telling the Court that on June 19, 2013, in White County, Indiana, you knowingly delivered a substance known to you to be methamphetamine in an amount that weighed more than three grams," Morris replied, "Yes, sir." *Id*. Thus, there is nothing to suggest that Morris's decision to plead guilty was anything other than knowingly and voluntarily made.

[9] Unlike in *Creech*, here the trial court did not *mis*advise Morris that, despite the waiver-of-appeal provision contained in the plea agreement, he nonetheless had a right to challenge his sentence on appeal. *See Creech*, 887 N.E.2d at 74.[1] This makes the argument for a valid waiver stronger. *See Bowling v. State*, 960 N.E.2d 837, 842 (Ind. Ct. App. 2012) (holding that failure of trial court to misadvise defendant of her right to appeal, notwithstanding a clear waiver of the right to appeal contained in the written plea agreement, made the case for waiver

---

[1] The court in *Creech* held that the misadvisement did not render the waiver invalid, noting that the erroneous advisement came at the sentencing hearing which occurred after Creech had already pleaded guilty and received the benefit of his bargain. *Id*. at 77.

stronger, not weaker). We note, however, that a specific dialogue with the trial court is not a prerequisite to a valid waiver of appeal, so long as there is other evidence in the record demonstrating a knowing and voluntary waiver. *Id*. at 483 (citing *Creech*, 887 N.E.2d at 74).

[10] As noted above, there is nothing in the record before us that would suggest that Morris's waiver was anything other than knowingly and voluntarily made. The language of Paragraph 4 of the plea agreement is clear and unambiguous: by pleading guilty, Morris waived the right to appeal his sentence so long as the trial court sentenced him within the terms of the plea agreement. The trial court here sentenced Morris within the terms of the plea agreement.[2] We therefore conclude that Morris waived his right to appeal his sentence.[3]

[11] Affirmed.

Baker, J., and Pyle, J., concur.

---

[2] This is distinguishable from the facts in *Morris v. State*, 985 N.E.2d 364, 366 (Ind. Ct. App. 2013), *clarified on reh'g*, 2 N.E.3d 7, which held that a provision of written plea agreement providing that the defendant waived his right to appeal sentence on basis that it was "erroneous" was ambiguous as to whether he was giving up his right to challenge his sentence as inappropriate under Appellate Rule 7(B), because a non-erroneous sentence may still be considered inappropriate under Rule 7(B). Here, as in *Morris*, Paragraph 4 does state that Morris waived his right to challenge his sentence as "erroneous." Unlike *Morris*, though, it also provides more generally that Morris waived his right to appeal his sentence so long as the trial court sentenced him within the terms of the plea agreement, which the trial court here did.

[3] Waiver notwithstanding, we note that Morris received the *minimum* sentence allowed, and the trial court ordered him to serve only half of this sentence in incarceration. Assuming Morris receives Class 1 credit for his time served, he will spend five years in prison after admitting to a Class A felony. *See* Ind. Code § 35-50-6-3. This is a comparatively lenient sentence. Morris also has a criminal history which includes a prior felony conviction for burglary. Thus, even if we reached the merits of Morris's claim, we would be hard pressed to say that his sentence was inappropriate under Appellate Rule 7(B).