

**FILED**

Oct 08 2020, 8:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| Jennifer G. Shircliff | Curtis T. Hill, Jr. |
| Anderson, Indiana | Attorney General of Indiana |
| | |
| | Courtney Staton |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

ATTORNEY FOR APPELLANT

Jennifer G. Shircliff
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jay Paul Crouse, Jr., | October 8, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CR-3008 |
| v. | Appeal from the Madison Circuit Court |
| State of Indiana, | The Honorable Thomas Newman, Jr., Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 48C03-1302-FB-271 |

**May, Judge.**

[1]     In this belated appeal, Jay Paul Crouse Jr. appeals his aggregate forty-year sentence for four convictions of Class B felony armed robbery.  He argues the

trial court abused its discretion when it ordered his four ten-year sentences to be served consecutive to one another. The State cross-appeals, arguing the trial court abused its discretion when it permitted Crouse to file a belated appeal. We affirm the trial court's decision to grant Crouse's petition for permission to file a belated appeal and we affirm Crouse's sentence.

## Facts and Procedural History

[2] On February 6, 2013, the State charged Crouse with four counts of Class B felony robbery[1] based on four separate robberies committed on January 22, 23, 27, and February 1, 2013. On April 8, 2013, Crouse pled guilty as charged via a plea agreement that capped his sentence at forty years. As part of the plea agreement, Crouse waived the right to appeal his sentence as long as "the Court sentence[d] defendant within the terms" of the plea agreement. (App. Vol. II at 89.)

[3] On May 6, 2013, the trial court held a sentencing hearing. During the sentencing hearing, the State argued Crouse should be sentenced to ten years for each robbery count, to be served consecutive to one another. To support its recommendation, the State presented evidence of Crouse's drug use, his "high risk to re-offend[,]" and his commission of "four (4) separate violent offenses on four (4) separate occasions." (*Id.* at 109.) Crouse recommended an aggregate

---

[1] Ind. Code § 35-42-5-1 (1984).

sentence of fifteen years with six years executed "[g]iven the fact that he has no felony convictions. He has one misdemeanor conviction. He has always worked, [and] he has custody of his kids." (*Id*. at 110.) When the trial court sentenced Crouse, it stated:

> Each one of these counts had a separate victim and I think to go along with [the] recommendation [of Defense Counsel] would really dilute the impact of the crimes that Mr. Crouse has committed here. Umm, fifteen (15) years sentence with four (4) victims would amount to three (3) and three (3) plus years. Umm, and you don't right, you don't look with the past fact that it – things appear sometimes to be very lethal and very dangerous. May not be and the traumatic and emotional impact incidents like this have on victims is sometimes saddlery [sic]. I think that the State's recommendation is correct. Ten (10) years on each one consecutive all executed to the Department of Corrections.

(*Id*. at 111-2) (errors in original).

[4] On January 30, 2014, Crouse filed a pro se petition for post-conviction relief. On June 18, 2019, Crouse, with the aid of post-conviction counsel, filed a petition for permission to file a belated notice of appeal. With that petition, Crouse filed an affidavit averring he "first learned that [he] could appeal [his] sentence if the judge failed to follow sentencing procedures and guidelines on April 29, 2019, at a client conference with Deputy Public Defender Victoria Christ." (*Id*. at 115.) The State responded to Crouse's petition, arguing he had "shown no good cause with supporting facts that he would be eligible for the filing of an appeal" and the "matter is too far removed in time for a belated

appeal . . . [and Crouse] has not shown that he was diligent in seeking an appeal." (*Id*. at 117.) The trial court scheduled a hearing on the matter for August 7, 2019, but then denied Crouse's petition for permission to file a belated appeal on August 1, 2019, stating: "The Court sentenced the defendant [sic] within the terms of the plea agreement." (*Id*. at 120.) The trial court canceled the scheduled hearing.

On August 30, 2019, Crouse filed a motion to correct error. The trial court held a hearing on the matter on September 27, 2019. On November 19, 2019, the trial court granted Crouse's motion to correct error and gave him permission to file a belated appeal.

# Discussion and Decision

## 1. Permission to File a Belated Appeal

As an initial matter, the State contends the trial court abused its discretion when it granted his petition for permission to file a belated appeal. To file a belated appeal, a defendant must be an "eligible defendant" as defined by Indiana Post-Conviction Rule 2, which provides, in relevant part:[2]

> An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have

---

[2] Indiana Post-Conviction Rule 2 also requires that a defendant seeking to file a belated appeal must demonstrate to the court that he failed to file a timely notice of appeal, that he was not at fault for that failure, and that he has been diligent in requesting permission to file the belated appeal. The State does not argue any of these factors on appeal, and thus we will not address them.

the right to challenge on direct appeal a conviction or sentence
after a trial or plea of guilty by filing a notice of appeal, filing a
motion to correct error, or pursuing an appeal.

The State contends that Crouse waived his right to appeal his sentence as part of the language of his plea agreement, and thus he is not an "eligible defendant" under Indiana Post-Conviction Rule 2 because he does not have the right to challenge his sentence on appeal.

[7] Crouse's plea agreement stated, "[d]efendant hereby waives the right to appeal any sentence imposed by the court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the court sentences the defendant within the terms of his plea agreement." (App. Vol. II at 65.) The State contends we have long upheld a defendant's waiver of his right to appeal his sentence based on similar language. (*See* Br. of Appellee at 12) (citing *Creech v. State*, 887 N.E.2d 73, 74 (Ind. 2008) (holding defendant's right to appeal his sentence waived based on this statement in his plea agreement: "I hereby waive my right to appeal my sentence as long as the Judge sentences me within the terms of my plea agreement"); *and see Brown v. State*, 970 N.E.2d 791, 791 (Ind. Ct. App. 2012) (holding defendant's right to appeal his sentence waived based on the following statement in his plea agreement: "The Defendant hereby waives his right to appeal his sentence so long as the Judge sentences him within the terms of the plea agreement").

[8] However, our Indiana Supreme Court has held that unless "a defendant explicitly agrees to a particular sentence or a specific method of imposition of

sentences," a waiver of appeal set forth as part of a plea agreement "applie[s] only to sentences imposed in accordance with the law." *Crider v. State*, 984 N.E.2d 618, 625 (Ind. 2013.) While the trial court's discretion in determining a sentence when it is capped by a plea agreement is not as great as an open plea wherein sentencing is left to the trial court's discretion, the trial court maintains a level of discretion when sentencing based on a sentencing cap. *Childress v. State*, 848 N.E.2d 1073, 1078 (Ind. 2006). Here, Crouse's plea agreement capped his sentence at forty years, but gave the court discretion to determine the length of his aggregate sentence and how that sentence was to be structured and served. Thus, under *Crider*, Crouse's waiver of appeal may not be a barrier to appeal of his sentence if he believes the trial court sentenced him illegally. *Contra Lee v. State*, 816 N.E.2d 35, 40 (Ind. 2004) (Lee could not agree to a fixed sentence as part of a plea agreement and then argue it was illegal).

[9] During the hearing on his motion to correct error stemming from the denial of his petition for permission to file a belated appeal and in the appeal before us, Crouse relies primarily on *Haddock v. State*, 112 N.E.3d 763 (Ind. Ct. App. 2018). The facts in *Haddock* are similar to those here. On January 5, 2016, Haddock pled guilty to Level 3 felony dealing in a narcotic drug and his plea agreement included a provision which stated: "I understand that I have a right to appeal my sentence. As a condition of entering into this plea agreement, I hereby knowingly and voluntarily waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement." *Id.* at 765 (citation to the record omitted). At Haddock's sentencing hearing on February

2, 2016, the trial court noted Haddock's criminal history and also that the "factual basis for this particular offense specifically includes that it took place in the physical presence of a child less than eighteen (18) years of age." *Id.* (citation to the record omitted). Based thereon, the trial court sentenced Haddock to fourteen years, which is more than the advisory sentence for a Level 3 felony. *See* Ind. Code § 35-50-2-5(b) (sentencing range for a Level 3 felony is between three and sixteen years, with an advisory sentence of nine years).

[10] Haddock pursued a petition for post-conviction relief six months later alleging he received ineffective assistance of trial counsel. The trial court stayed his petition because the Indiana Public Defender's office was unable to investigate Haddock's claims. On January 8, 2018, another Deputy Public Defender filed an appearance on Haddock's behalf and filed a petition for permission to file a belated appeal. In that petition, Haddock argued that "the trial court's use of a fact that Haddock had committed the offense while in the presence of a child was an improper aggravator because that was also an element of the offense to which Haddock had pleaded guilty." *Id.* at 766. He claimed he did not learn that his "waiver of appellate rights did not apply if the Judge failed to follow sentencing procedure and guidelines" and he "first learned of this option on February 27, 2018, at a client conference" with his Deputy Public Defender. *Id.* (citation to the record omitted). The trial court denied Haddock's petition for permission to file a belated appeal without a hearing.

On appeal, the State argued that Haddock had unequivocally waived his right to appeal his sentences pursuant to the terms of his plea agreement. Citing *Crider*, our court noted that while it was well-settled that a defendant can waive his rights to appeal a sentence, that waiver is only valid "if the sentence is imposed in accordance with the law." *Id*. at 767 (citing *Crider*, 984 N.E.2d at 625). The *Haddock* court reasoned:

> Under the State's theory on appeal, the only way to determine whether Haddock is an eligible defendant under Post-Conviction Rule 2 is to analyze whether his sentence is illegal and, thus, not subject to the waiver provision of his plea agreement. But that is the substance of the issue Haddock seeks to raise on appeal by way of his belated notice of appeal. In other words, the State asks us to address the merits of Haddock's putative belated appeal in order to determine that he is not eligible to be heard on the merits of his belated appeal. We decline to adopt the State's circular reasoning.
>
> At this stage in the proceedings, we are unwilling to place the burden on Haddock to argue the merits of his putative belated appeal. Rather, we hold that Haddock would have had the right to raise in a timely appeal the issue of whether his sentence is illegal. Accordingly, as that is the issue Haddock seeks to raise in his putative belated appeal, we hold that Haddock is an eligible defendant pursuant to Post-Conviction Rule 2.

*Id*. (internal citation omitted).

Here, Crouse argued during the hearing on his motion to correct error after the denial of his petition for permission to file a belated appeal:

[T]here's belief that he has an illegal aspect to the sentence, and he should be allowed to proceed with the belated appeal. In an open plea agreement such as the one he entered in this case. I think we set out in the Verified Petition and in the Motion to Correct Errors that this case involved, um, four (4) different robbery counts. He plead [sic] guilty to each one of those with a sentence, sentencing cap of forty (40) years. The State argued for forty (40) years and Mr. Crouse argued for a lesser sentence. The Court identified the fact that there were four (4) separate victims in order to impose four (4) advise-presumptive, at that point, sentences in this case. . . . [T]he Court identified four (4) victims when, in fact, there were only three (3). . . [E]ven despite the waiver, if there is, if he believe that there is an appeal, an erroneous aspect to his sentence, then he's entitled to appeal that sentence.

(Tr. Vol. II at 9-11.) Like in *Haddock*, Crouse has alleged he was not sentenced in accordance with the applicable law, and thus the trial court did not abuse its discretion when it granted his motion to correct error and allowed him to file a belated appeal.

## 2. Consecutive Sentences

"[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). A trial court abuses its discretion by: "(1) issuing

an inadequate sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3) omitting factors that are clearly supported by the record and advanced for consideration, or (4) finding factors that are improper as a matter of law." *Gleason*, 965 N.E.2d at 710.

[14] "[T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the: (1) aggravating circumstances in IC 35-38-1-7.1(a); and (2) mitigating circumstances in IC 35-38-1-7.1(b); in making a determination under this subsection." Ind. Code § 35-50-1-2(c). In sentencing Crouse, the trial court stated it would impose four ten-year sentences to be served consecutive to one another based on the fact that there were "four (4) victims[.]" (App. Vol. II at 111.) Crouse contends this statement is not supported by the evidence and thus cannot be used as an aggravating factor in ordering his sentences to be served consecutive to one another.

[15] During his guilty plea hearing, Crouse stipulated that he "committed armed robberies" using a "black bb gun" and a "blue mask" at the Speedway gas station on January 22 and 22, 2013, and at the Village Pantry on January 27 and February 1, 2013. (*Id.* at 97-8.) At the Village Pantry, Crouse encountered a "male employee" and a "female employee." (*Id.*) However, at the Speedway, "it was the same male employee that was working both nights." (*Id.* at 98.) Based thereon, Crouse contends there were only three victims and the trial court's statement that there were four victims was not supported by the evidence.

[16] To support his argument, Crouse cites a case in which our Indiana Supreme Court reduced an aggregate sentence for two convictions of Class A felony child molesting against the same victim. *Walker v. State*, 747 N.E.2d 536, 538 (Ind. 2001). However, *Walker* is inapposite because Walker did not argue the trial court abused its discretion when it sentenced him; instead, Walker argued his two consecutive forty-year sentences were "manifestly unreasonable." *Id.* at 537. As we explained in *Krumm v. State*: "our supreme court amended Ind. Appellate Rule 7(B), effective January 1, 2003. Under the amended rule, in considering whether to revise a sentence, we must determine if the sentence is 'inappropriate' rather than whether the sentence is 'manifestly unreasonable.'" 793 N.E.2d 1170, 1174 n.3 (Ind. Ct. App. 2003), *abrogated on other grounds in Hoglund v. State*, 962 N.E.2d 1230 (Ind. 2012). It is well-settled "that inappropriate sentence claims and abuse of discretion claims are to be analyzed separately." *King v. State*, 894 N.E.2d 265, 266 (Ind. Ct. App. 2008). Thus, the holding in *Walker* does not apply to this abuse of discretion analysis.

[17] We find the analysis in *Powell v. State*, 895 N.E.2d 1259 (Ind. Ct. App. 2008), *trans. denied*, controlling. In that case, Powell pled guilty to one count of Class A felony child molesting and one count of Class C felony child molesting for incidents involving his stepdaughter. Powell argued, under the abuse of discretion analysis, that "the trial court erred in ordering his sentences to run consecutively because '[his] actions involved the same girl and essentially the same conduct.'" *Id.* at 1263. However, we disagreed, stating "[t]he basis for the gross impact that consecutive sentences may have is the moral principle that

each separate and distinct criminal act deserves a separately experienced punishment." *Id*. The same is true here – Crouse committed four separate and distinct criminal acts by robbing two different convenience stores on four different dates. The fact that one of the clerks was so unfortunate to be victimized twice does not suggest the trial court abused its discretion when sentencing Crouse.

[18] However, the trial court's misstatement noting four, and not three, victims does not mean we are required to remand for revision of his sentence because we will only do so if we cannot "say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491. Here, there were four separate robberies, on four different days, victimizing multiple store clerks, wherein Crouse took four amounts of money. The State also presented evidence during the sentencing hearing that Crouse had an ongoing substance abuse problem and had been rated on his pre-sentencing report as a high risk to reoffend. The trial court did not abuse its discretion when it sentenced Crouse. *See Hart v. State*, 829 N.E.2d 541, 545 (Ind. Ct. App. 2005) (consecutive sentences appropriate for separate and distinct criminal acts); *and see Grimes v. State*, 84 N.E.3d 635, 643 (Ind. Ct. App. 2017) (trial court did not abuse its discretion when it sentenced Grimes to eighteen consecutive terms for eighteen separate convictions of incest against his two daughters), *trans. denied*.

# Conclusion

[19]     The trial court did not abuse its discretion when it granted Crouse's petition for permission to file a belated appeal.  Regarding the merits of Crouse's sentencing argument, the trial court did not abuse its discretion when it sentenced him to four ten-year sentences to be served consecutive to one another.  Accordingly, we affirm Crouse's forty-year sentence.

[20]     Affirmed.

Robb, J., concurs.

Vaidik, J., concurs in result with opinion.

Jay Paul Crouse, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

October 8, 2020

Court of Appeals Case No.
19A-CR-3008

Appeal from the
Madison Circuit Court

The Honorable
Thomas Newman, Jr., Judge

Trial Court Cause No.
48C03-1302-FB-271

**Vaidik, Judge, concurring in result.**

I concur in the result reached by the majority. However, I cannot join its reliance on *Haddock*, which I believe was wrongly decided.

In my view, a defendant who enters into a plea agreement that includes a waiver-of-appeal provision does not become an "eligible defendant" under Post-Conviction Rule 2 simply by claiming "I want to appeal the legality of my sentence" or "I believe my sentence is illegal." Rather, such a defendant should be required to identify a specific, plausible theory of illegality. Otherwise, the broad waiver-of-appeal provision agreed to by the defendant is no waiver at all.

In *Haddock*, the defendant's claim of illegality was specific but not plausible. He claimed that one of the two aggravators relied upon by the trial court to impose an above-advisory sentence for a single conviction was invalid. But even if the

challenged aggravator was invalid, that would not have made the defendant's sentence "illegal." Indiana Code section 35-38-1-7.1(d) provides that "[a] court may impose any sentence that is: (1) authorized by statute; and (2) permissible under the Constitution of the State of Indiana; regardless of the presence or absence of aggravating circumstances or mitigating circumstances." (Emphasis added); *see also Gomillia v. State*, 13 N.E.3d 846, 852 (Ind. 2014) (noting that under the statutory scheme, "a trial judge may impose any sentence within the statutory range without regard to the existence of aggravating or mitigating factors" (quotation omitted)). Because an above-advisory sentence with no aggravators would not be illegal, it cannot be said that an above-advisory sentence based on an improper aggravator is illegal. Therefore, in my opinion, the defendant in *Haddock* was not an "eligible defendant" under Post-Conviction Rule 2, his petition for permission to file a belated appeal was properly denied, and this Court should not have reversed.

[24] Here, on the other hand, Crouse identified a specific, plausible theory of illegality. He claimed that the only aggravator found by the trial court—that each robbery count involved "a separate victim"—is invalid because two of the robberies involved the same victim. If Crouse were correct that this aggravator is invalid, then his sentence would be illegal, because consecutive sentences cannot be imposed without at least one aggravator. *See, e.g., Mannix v. State*, 54 N.E.3d 1002, 1011 n.7 (Ind. Ct. App. 2016). While I agree with the majority that the challenged aggravator is proper and that therefore Crouse's sentence is

ultimately not illegal, Crouse's theory was at least plausible, so he was correctly

allowed to pursue this belated appeal. For this reason, I concur in result.