**Luis Ruiz BONILLA, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 20A05–0902–CR–85.

Court of Appeals of Indiana.

June 11, 2009.

Transfer Denied Aug. 19, 2009.

Kenneth R. Martin, Goshen, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Gary Damon Secrest, Deputy At-

torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Luis Ruiz Bonilla pled guilty to dealing in cocaine, and the trial court sentenced him to the advisory term of thirty years. Bonilla now appeals, arguing that his sentence is inappropriate. The State responds that Bonilla waived the right to appeal because his plea agreement contains a provision that he waived the right to appellate review of his sentence under Indiana Appellate Rule 7(B). However, because the trial court made confusing remarks at the guilty plea hearing indicating that Bonilla "may" have waived the right to appeal and then advised Bonilla of the rights to appeal and to an attorney, we conclude that Bonilla did not waive the right to appeal his sentence. Nevertheless, in light of Bonilla's illegal entry into this country and his failure to follow the laws once here, we conclude that he has failed to prove that the advisory sentence is inappropriate.

### Facts and Procedural History

On December 4 and 14, 2006, and January 16, 2007, Elkhart County law enforcement officers used a confidential informant to purchase cocaine from Bonilla in the amounts of 3.26 grams, 6.94 grams, and 3.69 grams, respectively. Thereafter, the State charged Bonilla with three counts of Class A felony dealing in cocaine. On June 11, 2008, Bonilla entered into a plea agreement in which he pled guilty to the count that occurred on December 14. In exchange, the State agreed to a thirty-year executed sentencing cap and to dismiss the remaining two counts. Bonilla's plea agreement also contained the following standard term, which Bonilla initialed:

The defendant understands that she may have the right to appeal her sentence under Indiana Appellate Rule 7B. Notwithstanding that right, by pleading guilty under this agreement, the defendant knowingly, intelligently, and voluntarily waives her right to challenge the sentence on the basis that it is erroneous, and waives her right to have appellate review of her sentence under Indiana Appellate Rule 7B.

Appellant's App. p. 24.

At the guilty plea hearing on June 12, 2008, the trial court advised Bonilla of the constitutional rights he was waiving by pleading guilty. The court also discussed Bonilla's right to appeal his sentence:

THE COURT: Do you understand that you have a right to appeal the sentence that is imposed in this action?

MR. BONILLA: Yes.

THE COURT: And do you also understand that in the terms of your plea agreement you may have waived your right to pursue an appeal?

MR. BONILLA: Yes.

THE COURT: All right. So I'm going to advise you of your rights to appeal even though by the terms of your plea agreement you've given up your right to appeal. Do you understand?

MR. BONILLA: Yes.

THE COURT: In order to pursue an appeal, you must file either a notice of appeal or a motion to correct errors within 30 days of the date of sentencing. If—if you elect to file a motion to correct errors, you must file your notice of appeal within 30 days of an adverse ruling on that motion. Failure to comply with these requirements will result in the forfeiture of your right to appeal.

You have a right to be represented by counsel at all stages of these pro-

ceedings, including any appeal which you may wish to pursue. If you are unable to afford an attorney, I'm obligated to appoint one to represent you at no cost to you. Do you understand this?

MR. BONILLA: Yes.

Tr. p. 10–11 (emphasis added) (formatting altered). The trial court accepted the plea, entered judgment of conviction, and set the matter for sentencing.

The sentencing hearing was held on July 10, 2008. At the beginning of the hearing, the trial court repeated its earlier advisement:

THE COURT: ... Mr. Bonilla, you . have the right to appeal any sentence that is imposed. In order to do so, you must file either a notice of appeal or a motion to correct errors with 30 days of this date.

If you elect to file a motion to correct errors, you must file your notice of appeal within 30 days of an adverse ruling on that motion. Failure to comply with these requirements will result in the forfeiture of your right to appeal.

You have a right to be represented by counsel at all stages of these proceedings, including any appeal which you may wish to pursue. If you are unable to afford an attorney, I'm obligated to appoint one to represent you at no cost to you. Do you understand that?

MR. BONILLA: Yes.

THE COURT: And do you understand that in your plea agreement you *may* have waived your right to appeal?

MR. BONILLA: Yes.

*Id.* at 22–23 (emphasis added) (formatting altered). The trial court identified as aggravators that Bonilla had a suspended license, committed the offense while on probation, entered the country illegally, and had two failures to appear. Appellant's App. p. 43–44. The trial court identified as mitigators that Bonilla accepted responsibility for his criminal conduct and had addiction issues. *Id.* at 44. Concluding that the aggravators and mitigators balanced, the court sentenced Bonilla to the advisory term of thirty years. Bonilla now appeals his sentence.

## Discussion and Decision

■ Bonilla contends that his sentence is inappropriate. The State argues that Bonilla waived the right to appeal the appropriateness of his sentence according to the waiver provision in his plea agreement and that the trial court properly advised Bonilla at his guilty plea and sentencing hearings that "he may have waived his right to appellate review." Given the nature of the State's argument, we address it first.

The Indiana Supreme Court held in *Creech v. State* that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement. 887 N.E.2d 73, 75 (Ind.2008). The Court then analyzed whether, despite the express language of the waiver in Creech's plea agreement,[1] he knowingly and voluntarily waived his right to appellate review of his sentence because the judge advised him at the close of the sentencing hearing that he retained the right to appeal. The Court rejected Creech's argument, explaining:

While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we

---

1. Creech's plea agreement provided in part, "I hereby waive my right to appeal my sentence so long as the Judge sentences me within the terms of my plea agreement." *Creech,* 887 N.E.2d at 74.

think the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement.

Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his otherwise knowing and voluntary plea lost its knowing and voluntary status because the judge told him at the end of the sentencing hearing that he could appeal.

\* \* \* \* \* \*

By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction.

*Id.* at 76–77 (footnote omitted).

After *Creech,* this Court decided *Ricci v. State,* 894 N.E.2d 1089 (Ind.Ct.App.2008), *trans. denied.* In *Ricci,* Ricci's plea agreement contained a provision that he knowingly, intelligently, and voluntarily waived his right to appeal or challenge the sentence imposed by the court on the basis that it was erroneous or for any other reason. At the guilty plea hearing, however, the trial court advised Ricci that he had the right to appeal his sentence, and neither the prosecutor nor the defense spoke up.

On appeal, this Court distinguished *Creech:*

> While it is clear that under *Creech,* a trial court's incorrect advisement at the conclusion of a defendant's sentencing hearing has no effect on an otherwise knowing, voluntary, and intelligent waiver of the right to appeal his sentence,

*Creech* does not address how a trial court's misstatements at the plea hearing impact the determination of whether a defendant's waiver was knowing, voluntary, and intelligent. Unlike *Creech,* the trial court here clearly and unambiguously stated at the plea hearing that it read the plea agreement and that, according to its reading of the agreement, Ricci had not surrendered the right to appeal his sentence. Neither the prosecutor nor the defense attorney contradicted this statement. Given these circumstances, we may confidently say that the trial court accepted the plea agreement, and the prosecuting attorney, the defense attorney, and Ricci entered into the plea agreement with the understanding that Ricci retained the right to appeal his sentence. Accordingly, we conclude that paragraph 2V is a nullity, and Ricci has not waived the right to appeal his sentence.

*Ricci,* 894 N.E.2d at 1093–94 (footnotes omitted).

The facts in this case fall somewhere in between the facts in *Creech* and *Ricci.* Unlike *Creech,* here the trial court's advisement that Bonilla had the right to appeal occurred at the *guilty plea hearing,* which, as explained in *Ricci,* is significant.[2] But unlike *Ricci,* the trial court in this case acknowledged that Bonilla "may" have waived the right to appeal his sentence. Notably, however, the court went on to confuse matters by advising Bonilla of the right to appeal his sentence and the right to an attorney and then asked Bonilla if he understood those rights. Telling a defendant at his *guilty plea hearing* that he may have waived the right to appeal but then proceeding to advise him of the right to appeal is the precise scenario our Supreme Court warned about in *Creech*

2. The trial court also repeated the same ad-

visements at the sentencing hearing.

when it said, "we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy." 887 N.E.2d at 76. Although the trial court advised Bonilla that he "may" have waived the right to appeal his sentence, the court promptly advised Bonilla of the right to appeal and the right to an attorney. This advisement occurred at the guilty plea hearing, which is before Bonilla received the benefit of his bargain. It then occurred again at his sentencing hearing. In light of the contradictory and confusing information Bonilla received at his guilty plea hearing, especially since English was not his native tongue, we conclude that he did not waive the right to appeal his sentence. We thus proceed to address his inappropriate sentence argument.

■ Bonilla contends that, given his role as more of a facilitator than a principal in this offense, his efforts to legalize his status in the United States, his steady employment record, his minimal criminal record, and his guilty plea, the advisory sentence of thirty years is inappropriate and should be reduced to the minimum sentence of twenty years. Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State,* 876 N.E.2d 1114, 1116 (Ind.2007) (citing *Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind.2007)). The burden is on the defendant to persuade us that his or her sentence is inappropriate. *Id.* (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind.2006)).

As for the nature of the offense, we note that the factual basis does not reveal much about Bonilla's conviction for dealing in cocaine, as the charging information was merely read out loud. As such, both parties rely on the probable cause affidavit for the underlying facts. Although nothing stands out about the nature of this offense, as Bonilla appears to have simply been the middleman, he did commit the crime while on probation.

As for Bonilla's other character attributes, Bonilla entered the United States illegally. Since illegally entering the United States, he has received authorization to work here. Bonilla has an infraction for driving without an operator's license and a misdemeanor conviction for criminal conversion. During the criminal conversion proceedings, he had two failures to appear. As noted above, he was on probation for criminal conversion at the time he was arrested for dealing in cocaine. Bonilla, who held a steady job, dealt cocaine because of a drug problem, which the trial court recognized as mitigating.

Given Bonilla's illegal entry into this country and his failure to abide by the laws once here and the fact that he jeopardized his Employment Authorization Card and good work history by dealing cocaine, we conclude that he has failed to persuade us that his advisory sentence is inappropriate.

Affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.