## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 31 2017, 10:09 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and Cass County
Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donato Lorenzo-Diego, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 31, 2017 <br><br> Court of Appeals Case No. <br> 09A02-1612-CR-2830 <br><br> Appeal from the Cass Circuit Court <br><br> The Honorable Leo T. Burns, Judge <br><br> Trial Court Cause No. <br> 09C01-1603-F1-1 |

**Bailey, Judge.**

# Case Summary

Donato Lorenzo-Diego ("Lorenzo-Diego") challenges the thirty-year advisory sentence imposed upon his plea of guilty to Child Molesting, as a Level 1 felony.[1]  He presents the issue of whether the trial court abused its sentencing discretion.  The State responds that Lorenzo-Diego waived his right to appeal his sentence.  We affirm.

# Facts and Procedural History

On March 23, 2015, Lorenzo-Diego was charged with molesting his eight-year-old niece by forcibly engaging in sexual intercourse with her.  On October 6, 2016, he pled guilty to that offense.  The plea agreement capped his sentence at thirty-five years.  On December 8, 2016, the trial court sentenced Lorenzo-Diego to thirty years imprisonment.  After sentencing Lorenzo-Diego, the trial court advised him that he could appeal the sentence.  This appeal ensued.

# Discussion and Decision

A person who commits a Level 1 felony has a sentencing range of twenty to forty years, with thirty years being the advisory sentence.  I.C. § 35-50-2-4.  In sentencing Lorenzo to the advisory sentence of thirty years, the trial court found the guilty plea to be a mitigator and found as aggravators the age of the

---

[1] Ind. Code § 35-42-4-3.

victim and that the harm suffered was significant and greater than the elements necessary to prove the commission of the crime. Lorenzo-Diego argues that the trial court abused its discretion by recognizing each of those aggravators.

[4] The State argues that we should not reach the merits of this sentencing challenge because Lorenzo-Diego expressly waived his right to appeal his sentence. Our Indiana Supreme Court has held that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008).[2] "Acceptance of the plea agreement containing the waiver provision is sufficient to indicate that, in the trial court's view, the defendant knowingly and voluntarily agreed to the waiver." *Id.* at 77.

[5] Here, the plea agreement provided in relevant part:

> Because the Defendant is pleading guilty, he/she understands that there will be no appellate review of the sentence. The Defendant acknowledges that he/she has discussed this matter with counsel, and hereby makes a knowing and voluntary waiver of appellate review of the sentence imposed by the trial court.
>
> [Defendant] hereby waives any right to challenge the trial court's finding on sentencing, including the balancing of mitigating and aggravating factors and further waives his right to have the

---

[2] The holding leaves in place the long-standing policy that a defendant who can establish in a post-conviction proceeding that his plea was coerced or unintelligent is entitled to have his conviction set aside. *Creech*, 887 N.E.2d at 75.

Indiana Court of Appeals review his sentence under Indiana Appellate Rule 7(B).

(App. Vol. II at 44-45.) The plea agreement preserved the right to appeal "an illegal sentence." (App. Vol II. at 44.)

[6] Attempting to avoid waiver, Lorenzo-Diego argues that his sentence is an illegal sentence. It is not. Pursuant to Indiana Code Section 35-50-2-4, a person who commits a Level 1 felony may, within statutory bounds, receive a sentence of twenty to forty years. Lorenzo-Diego received the statutorily-prescribed advisory sentence of thirty years. He merely attempts to challenge the process by which that sentence was selected.

[7] Lorenzo-Diego also argues that he did not voluntarily waive his right to appeal "because he was a non-native English speaker[3] who received contradictory information about the waiver of his appellate rights." Appellant's Br. at 12. He does not claim that his guilty plea was not knowingly or voluntarily made, but argues only that his waiver of his right to appeal is a nullity.[4]

---

[3] Lorenzo-Diego is from Guatemala and speaks as his primary language Kamjoba, a Mayan language. He advised the presentence investigator that he had been educated in the Spanish language.

[4] The State acknowledges that, at the conclusion of the sentencing hearing, the trial court mistakenly advised Lorenzo-Diego of a purported right to appeal his sentence. In *Creech*, the Court held that such mistaken advisement was not grounds for allowing defendants to circumvent plea agreements. 887 N.E.2d at 76. However, when the defendant is mistakenly advised of a right to appeal or given conflicting information when he or she is entering a plea, and this advice factors into the decision-making process, the waiver may be found ineffective. *See Bonilla v. State*, 907 N.E.2d 586 (Ind. Ct. App. 2009), *trans. denied; Ricci v. State*, 894 N.E.2d 1089 (Ind. Ct. App. 2008), *trans. denied.*

[8] We observe that Lorenzo-Diego was provided a translator, and he expressed no confusion or concern as to an unresolved language barrier. The translator advised the trial court that she had translated each word of the plea agreement for Lorenzo-Diego and that he had acknowledged his understanding. Lorenzo-Diego confirmed, in response to a question propounded by his counsel, that he had been assisted by counsel and the interpreter. He indicated that he wished to plead guilty pursuant to the plea agreement. At sentencing, Lorezno-Diego made a personal plea to the trial court for forgiveness; thus, the record does not reflect a failure of communication. The record demonstrates that the waiver of the right to appeal was made knowingly and voluntarily.

# Conclusion

[9] Lorenzo-Diego waived the right to appeal his sentence. Accordingly, we do not address the merits of his claim that the trial court abused its sentencing discretion.

[10] Affirmed.

Vaidik, C.J., and Robb, J., concur.