## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 09 2017, 7:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Spangler, Jr.
Lawrence County Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua Love,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 9, 2017

Court of Appeals Case No.
47A01-1703-CR-544

Appeal from the Lawrence Superior Court

The Honorable Michael Robbins, Judge

Trial Court Cause No.
47D01-1604-F1-399

**Vaidik, Chief Judge.**

# Case Summary

Joshua Love pled guilty to criminal confinement and sexual battery and was sentenced to sixteen years. He now appeals his sentence. The State argues that Love has waived appellate review of his sentence because of a waiver provision in his plea agreement. We agree with the State and therefore affirm Love's sentence.

# Facts and Procedural History

On January 4, 2017, Love and the State entered into a written plea agreement in which Love pled guilty to Level 3 felony criminal confinement and Level 6 felony sexual battery. In exchange, the State agreed to dismiss the remaining counts and another cause number in its entirety. According to the terms of the plea agreement, the sentences would run concurrently, and the parties would "argue [the] remaining terms of [the] sentence to the Court." Appellant's App. Vol. II p. 23. The plea agreement contained the following provision concerning Love's right to appeal his sentence:

> As a condition of entering this plea agreement, I knowingly and voluntarily agree to waive my right to appeal my sentence on the basis that it is erroneous or for any other reason so long as the Judge sentences me within the terms of my plea agreement.

*Id.* Love also signed an Acknowledgement of Rights. Paragraph 10 similarly provided:

As a condition of entering this plea agreement, I knowingly and voluntarily agree to waive my right to appeal my sentence on the basis that it is erroneous or for any other reason so long as the Judge sentences me within the terms of my plea agreement.

*Id.* at 25.

[3] At the guilty-plea hearing held that same day, the trial court went over the plea agreement and the Acknowledgement of Rights with Love. Specifically, the court confirmed with Love that he understood he was "waiving certain rights of appeal" as explained in paragraphs 6-13 of the Acknowledgement of Rights. Tr. Vol. II. p. 5. The court found that a factual basis existed for the offenses and set a sentencing hearing.

[4] At the February sentencing hearing, the trial court sentenced Love to sixteen years for criminal confinement and two-and-a-half years for sexual battery, to be served concurrently, for an aggregate term of sixteen years. The court suspended two years to probation and ordered the last year of incarceration to be served on house arrest "in lieu of incarceration." *Id.* at 97. The trial court then told Love, "you have a right to appeal . . . the sentence . . . that I just imposed." *Id.*

[5] Love now appeals his sentence.

# Discussion and Decision

[6] Love contends that his sentence is inappropriate in light of the nature of the offenses and his character. The State responds that Love has waived the right to appeal his sentence.

[7] The Indiana Supreme Court held in *Creech v. State* that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." 887 N.E.2d 73, 75 (Ind. 2008). The Supreme Court then analyzed whether, despite the express language of the waiver in Creech's plea agreement, he knowingly and voluntarily waived the right to appellate review of his sentence because the judge advised him at the close of the sentencing hearing that he retained the right to appeal. The Court rejected Creech's argument as follows:

> While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we think the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement.

> Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his otherwise knowing and voluntary plea lost its knowing and voluntary status because the judge told him at the end of the sentencing hearing that he could appeal.

* * * * *

> By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction.

*Id.* at 77 (footnotes omitted). As this Court later explained, "under *Creech*, a trial court's incorrect advisement at the conclusion of a defendant's sentencing hearing has no effect on an otherwise knowing, voluntary, and intelligent waiver of the right to appeal his sentence." *Ricci v. State*, 894 N.E.2d 1089, 1093 (Ind. Ct. App. 2008), *trans. denied*.

[8] On appeal, Love makes no argument that the language of his plea agreement was unclear or that he misunderstood the terms of the agreement when he signed it. As in *Creech,* although the trial court erroneously advised Love that he could appeal his sentence, that erroneous statement occurred only at the sentencing hearing and after Love had received the benefit of his plea agreement.[1] We therefore find that Love knowingly and voluntarily waived the right to appeal his sentence. *See Starcher v. State*, 66 N.E.3d 621 (Ind. Ct. App.

---

[1] Love argues that this case is more akin to *Bonilla v. State*, 907 N.E.2d 586 (Ind. Ct. App. 2009), *trans. denied*, than it is to *Creech*. Bonilla entered into a written plea agreement waiving the right to appeal his sentence. At the **guilty-plea hearing**, the trial court noted Bonilla "may" have waived the right to appeal his sentence. *Id.* at 588. However, the court proceeded to advise *Bonilla* of the right to appeal his sentence and asked if he understood that right. *Id.* Given the contradictory information Bonilla received at the guilty-plea hearing and the fact that Bonilla was not a native English speaker, we concluded that Bonilla did not waive the right to appeal his sentence. *Id.* at 590. Here, however, the trial court did not advise Love at his guilty-plea hearing that he had the right to appeal his sentence; rather, the court told Love the opposite—that he was "waiving certain rights of appeal." Tr. Vol. II p. 5.

2016) (finding defendant waived right to appellate review of sentence in plea agreement despite trial court's advisement at sentencing hearing that defendant had right to appeal sentence), *trans. denied*. We therefore affirm Love's sentence.

[9] Affirmed.

Mathias, J., and Crone, J., concur.