## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 16 2018, 10:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kimbert A. G. Crafton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 16, 2018

Court of Appeals Case No.
43A03-1710-CR-2551

Appeal from the Kosciusko
Superior Court

The Honorable Joe V. Sutton,
Judge

Trial Court Cause Nos.
43D03-1705-F5-351
43D03-1705-F5-382

**Robb, Judge.**

# Case Summary and Issue

[1] Kimbert Crafton pleaded guilty to attempted theft, theft, and resisting law enforcement, all Level 6 felonies. The trial court sentenced Crafton to six years with six months suspended to probation. On appeal, Crafton raises two issues for review, one of which we find dispositive: whether the provision in his plea agreement waiving his right to appeal his sentence is enforceable. Concluding that Crafton waived his right to appeal his sentence in a valid plea agreement, we affirm.[1]

# Facts and Procedural History

[2] On May 4, 2017, the State charged Crafton with corrupt business influence, a Level 5 felony, and attempted theft, a Level 6 felony. On May 12, 2017, Crafton was charged in a separate count with corrupt business influence, a Level 5 felony, and theft, auto theft, and resisting law enforcement, all Level 6 felonies. The State later filed an habitual offender enhancement.

[3] On July 17, 2017, Crafton entered into a written plea agreement with the State in which Crafton agreed to plead guilty to attempted theft, theft, and resisting law enforcement, all Level 6 felonies, in exchange for the State dismissing the remaining charges and the habitual offender enhancement. The plea agreement

---

[1] Because we hold Crafton's waiver of his appellate rights was enforceable, we do not address his claims that the trial court abused its discretion in its restitution order or that his sentence is inappropriate.

provided that the executed sentence for all three charges would not exceed six years and included the following provision:

> The Defendant knowingly, intelligently, and voluntarily waives his/her right to appeal any sentence imposed by the trial court that is within the range set forth in this plea agreement, and waives his right to have the Court of Appeals review his sentence under Indiana Appellate Rule 7(B).

Appellant's Appendix, Volume 2 at 120.

[4] At his guilty plea hearing, Crafton confirmed that he had reviewed his plea agreement with his attorney and was entering into it of his own free will. Although the appellate waiver was not specifically addressed during the colloquy, the trial court did ask Crafton whether he was familiar with the terms of the plea agreement, to which Crafton replied "[y]es, sir." Transcript of Evidence, Volume 2 at 8. The trial court subsequently accepted Crafton's guilty plea.

[5] At the sentencing hearing, the trial court sentenced Crafton to six years with six months suspended to probation. At the close of the sentencing hearing, the trial court told Crafton that, because the judge had a discretionary range in which to sentence him, "you do have the right to appeal the sentence of the Court." *Id.* at 40. Despite their familiarity with the plea agreement, neither the State nor defense counsel interjected to correct the trial court regarding this

misstatement.[2] Crafton indicated that he would like to appeal his sentence and the trial court appointed a public defender for the purpose of appeal. Crafton now appeals his sentence.

## Discussion and Decision

[6] A defendant who pleads guilty has the right to appeal the trial court's sentencing decision "even when the defendant agrees to a sentencing cap or range." *Creech*, 887 N.E.2d at 74. Our supreme court has also held that a defendant may waive this right to appeal, so long as the waiver is knowing and voluntary. *Id.* at 75. Crafton argues that his waiver was not knowing and voluntary, and therefore unenforceable, based on the trial court's advisement at sentencing.

[7] Our supreme court addressed the validity of appellate waivers in *Creech*, and the relevant facts of *Creech* are almost identical to the facts at issue here. Creech entered into a plea agreement that included a waiver of his right to appeal his sentence. At the guilty plea hearing, the judge did not question him about the waiver provision. During the sentencing hearing, after the sentence had been pronounced, the judge advised Creech of the right to appeal his sentence. Our

---

[2] We have *repeatedly* urged trial courts to be vigilant of plea agreements containing a waiver of the right to appeal, *see, e.g.*, *Mechling v. State*, 16 N.E.3d 1015, 1018 n.4 (Ind. Ct. App. 2014), *trans. denied*, and, as our supreme court explained in *Creech v. State*, 887 N.E.2d 73, 76 (Ind. 2008), trial courts must avoid including confusing remarks in their plea colloquy or at sentencing. Moreover, we must remind counsel—both prosecutors and defense attorneys—of their duty as officers of the court to correct the record and to notify the court that the right to appeal has been waived by the terms of the underlying plea agreement. Waiver of such a right should not come as a surprise to either party.

supreme court upheld the validity of the appellate waiver, stating that a "specific dialogue with the judge is not a necessary prerequisite to a valid waiver of appeal, if there is other evidence in the record demonstrating a knowing and voluntary waiver." *Id.* at 76 (quoting *United States v. Agee*, 83 F.3d 882, 886 (7th Cir. 1996)). Regarding the advisement at sentencing that Creech had the right to appeal, the court determined that "the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement." *Id.* The court emphasized the timing of the statements, noting that "[b]y the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction." *Id.* at 77.

[8] Crafton relies on *Ricci v. State*, 894 N.E.2d 1089 (Ind. Ct. App. 2008), *trans. denied*, and *Bonilla v. State*, 907 N.E.2d 586 (Ind. Ct. App. 2009), *trans. denied*, but both cases are factually distinguishable from his case. Ricci's plea agreement included a provision waiving his right to appeal or challenge his sentence but at the *guilty plea hearing*, the trial court advised Ricci that he would have the right to appeal the sentence if the agreement was accepted. *Ricci*, 894 N.E.2d at 1090. Neither the State nor the defense attorney disputed this assertion. *Id.* The court distinguished *Ricci* from *Creech* based on the timing of the incorrect advisement, stating that although this action would have no effect on the waiver at a sentencing hearing, "*Creech* does not address how a trial court's misstatements *at the plea hearing* impact the determination of whether a

defendant's waiver was knowing, voluntary, and intelligent." *Id.* at 1093. In holding that the waiver was invalid, the court concluded that, under these circumstances, "the trial court accepted the plea agreement, and the prosecuting attorney, the defense attorney, and Ricci entered into the plea agreement with the understanding that Ricci retained the right to appeal his sentence." *Id.* at 1094.

[9]     *Bonilla* also involves a statement by the trial court at the guilty plea hearing. Bonilla entered into a plea agreement which contained a waiver of his right to appeal his sentence but at the guilty plea hearing, the trial court told Bonilla that he "may" have waived his right to appeal, but then proceeded to "promptly advise[] Bonilla of the right to appeal and the right to an attorney." *Bonilla*, 907 N.E.2d at 590. In holding that the waiver was invalid, the court noted that "[t]his advisement occurred at the guilty plea hearing, which is before Bonilla received the benefit of his bargain." *Id.*

[10]    The facts of this case are clearly more similar to those of *Creech* than *Ricci* or *Bonilla*, and we find *Creech* controlling. Crafton stated at the guilty plea hearing that he was entering into the plea agreement of his own free will, that he had a chance to review the agreement and ask questions of his attorney regarding the agreement, and that he had read and signed the agreement. Although the appellate waiver was not specifically discussed at the guilty plea hearing, a specific discussion is not necessary if there is other evidence in the record demonstrating a knowing and voluntary waiver of the right to appeal. *See Creech*, 887 N.E.2d at 76. Crafton's statements at the guilty plea hearing

constitute evidence of a knowing and voluntary waiver. And like *Creech*, the erroneous advisement to Crafton came up at his sentencing hearing, when he had already received the benefit of the bargain in his guilty plea. The statements at issue at the sentencing hearing are not enough for Crafton to circumvent the plea agreement and, as explained in *Creech*, "[b]eing told at the close of the hearing that he could appeal presumably had no effect on that transaction." *Id.* at 77. For the foregoing reasons, we hold that Crafton's guilty plea contains an enforceable appellate waiver.

# Conclusion

[11]     Crafton's guilty plea contained an enforceable appellate waiver. For this reason, we do not reach the substantive issues raised by Crafton about his sentence. Crafton waived the right to appeal his sentence, and we therefore affirm.

[12]     Affirmed.

Crone, J., and Bradford, J., concur.