## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 24 2018, 6:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Aaliyah S. Craft, *Appellant-Defendant,* | October 24, 2018 |
| v. | Court of Appeals Case No. 18A-CR-1383 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Frances C. Gull, Judge |
| | Trial Court Cause No. 02D04-1710-F6-1147 |

**May, Judge.**

[1] Aaliyah S. Craft appeals her one-year aggregate sentence for Level 6 felony maintaining a common nuisance[1] and Class A misdemeanor possession of marijuana.[2] She argues her sentence is inappropriate based on the nature of the offense and her character. We affirm.

## Facts and Procedural History

[2] On October 3, 2017, officers executed a search warrant at Craft's residence, where she lived with her boyfriend. In Craft's bedroom, officers found two pounds of marijuana, digital scales, baggies, a glass smoking pipe, burnt ashes, and over $8000. Craft's boyfriend admitted he sells marijuana from the residence, and Craft admitted half of the marijuana belonged to her.

[3] On October 10, 2017, the State charged Craft with Level 6 felony maintaining a common nuisance and Class A misdemeanor possession of marijuana. On October 22, 2017, while out on bond for these charges, Craft was arrested and charged with Class B misdemeanor possession of marijuana. On October 30, 2017, Craft entered a plea agreement with the State wherein she pled guilty as charged and agreed to be placed in the drug court diversion program. Craft was scheduled to begin the drug court diversion program on October 31, 2017, but she did not appear.

---

[1] Ind. Code § 35-45-1-5(b)(3) (2017).

[2] Ind. Code § 35-48-4-11(b) (2017).

On November 6, 2017, Craft failed to appear at a Drug Court status hearing, and the trial court issued a warrant for her arrest. Officers arrested Craft on April 6, 2018. On May 17, 2018, the trial court sentenced Craft to one year for Level 6 felony maintaining a common nuisance and 180 days for Class A misdemeanor possession of marijuana. The court ordered those served concurrently, for an aggregate sentence of one year.

## Discussion and Decision

We may revise a sentence imposed by the trial court if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). Our review is deferential to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). When reviewing a sentence, we "focus on the forest - the aggregate sentence - rather than the trees - consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[6] When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for a Level 6 felony is one year, with a sentencing range of six months to two and one-half years. Ind. Code § 35-50-2-7(b) (2016). A person convicted of a Class A misdemeanor "shall be imprisoned for a fixed term of not more than one (1) year." Ind. Code § 35-50-3-2. The trial court imposed an aggregate one-year sentence.

[7] "[T]he defendant bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*. Here, Craft argues her offenses were not egregious. Considering the quantity of marijuana found at Craft's residence, as well as other items to suggest dealing in marijuana, we cannot say the nature of Craft's offense was so unremarkable that the advisory sentence was inappropriate. *See Bonilla v. State*, 907 N.E.2d 586, 590 (Ind. Ct. App. 2009) (holding advisory sentence not inappropriate based in part that "nothing stands out about the nature of this offense"), *trans. denied*.

[8] When considering the character of the offender, one relevant fact is the appellant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id*. Craft's criminal history is sparse, but her

other conviction is for an offense committed while on bail for the current offense. Craft argues she is not a danger to society and a shorter executed sentence[3] "may scare her straight." (Br. of Appellant at 17.)

[9] While all these factors weigh favorably on her character, she also squandered an opportunity to participate in Drug Court, and her scores on the aptitude tests given to her as part of the Pre-Sentence Investigation indicate she is at a high risk to re-offend. We cannot say her sentence is inappropriate based on her character. *See Holt v. State*, 62 N.E.3d 462, 465 (Ind. Ct. App. 2016) (advisory sentence not inappropriate considering Holt's "complete lack of respect for the court and the law").

# Conclusion

[10] Craft's one-year sentence for Level 6 felony maintaining a common nuisance and Class A misdemeanor possession of marijuana is not inappropriate based on the nature of her offense or her character. Accordingly, we affirm.

[11] Affirmed.

Baker, J., and Robb, J., concur.

---

[3] We note the trial court ordered only 183 days of Craft's sentence executed.