

FILED

Aug 21 2020, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nehemiah Merriweather,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 21, 2020<br><br>Court of Appeals Case No.<br>20A-CR-565<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Barbara Cook-<br>Crawford, Judge<br><br>Trial Court Cause No.<br>49G01-1808-MR-28764 |

**Crone, Judge.**

## Case Summary

[1] Nehemiah Merriweather appeals the thirty-year aggregate sentence imposed by the trial court following his guilty plea to three counts of level 4 felony burglary. He contends that his sentence is inappropriate in light of the nature of the

offenses and his character. Concluding that he has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

## Facts and Procedural History

On November 20, 2017, then seventeen-year-old Merriweather and three cohorts broke into three Indianapolis homes with the intent to commit theft therein. Dr. Kevin Rodgers was shot and killed during one of the burglaries. Following the burglaries and the murder, Merriweather and his cohorts recorded videos on their cellphones celebrating their crimes.

In February 2019, the State ultimately charged Merriweather with murder, one count of level 1 felony burglary, and three counts of level 4 felony burglary. On January 9, 2020, the parties entered into a plea agreement in which Merriweather agreed to plead guilty to three counts of level 4 felony burglary in exchange for dismissal of the murder and the level 1 felony burglary charges. The plea agreement provides that Merriweather was not the shooter, and he denies knowing which of his cohorts shot Dr. Rodgers. Pursuant to the agreement, sentencing was capped at thirty years.

On February 6, 2020, the trial court held a sentencing hearing. The court imposed a ten-year sentence on each burglary count, to run consecutively, for an aggregate sentence of thirty years. This appeal ensued.

# Discussion and Decision

## Section 1 – Merriweather did not waive his right to appeal his sentence.

[5]   As an initial matter, we address the State's assertion that Merriweather waived his right to appeal his sentence when he executed his plea agreement, and therefore dismissal of the appeal is warranted.  Specifically, the plea agreement here provided, "Defendant hereby waives the right to appeal any erroneous sentence imposed by the Court, including the right to seek appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of the plea agreement."  Appellant's App. Vol. 2 at 168.  The State emphasizes that Merriweather placed his initials next to the provision in question, and when asked by the trial court during his guilty plea hearing whether he understood each of the rights he was waiving pursuant to the terms of the plea agreement, Merriweather answered in the affirmative.  However, there is much more to this story.

[6]   While conducting an oral review of the rights that Merriweather was waiving pursuant to the agreement, and prior to the trial court's acceptance of his guilty plea, the court advised Merriweather, "Since the sentence that is being imposed is one that the Court decides its [sic] discretionary within thirty (30) years. You do have the right to appeal the sentence if you feel it is fundamentally unfair. Do you understand that sir?" Tr. Vol. 2 at 9.  Merriweather answered in the affirmative.  Neither the deputy prosecutor nor defense counsel objected to these statements. Subsequently, during the sentencing hearing, the court again

advised Merriweather, "[S]ince the Court had discretion in announcing your sentence; you have the right to appeal the Court's sentence." *Id*. at 65. The trial court went on to explain the timeline for filing a notice of appeal and, after Merriweather indicated that he did, in fact, wish to appeal his sentence, appointed appellate counsel. Again, neither the prosecutor nor defense counsel objected.

[7] In advocating for dismissal of this appeal, the State relies on our supreme court's opinion in *Creech v. State*, 887 N.E.2d 73 (Ind. 2008), in which the court held that a provision waiving the right to appellate review as part of a written plea agreement is enforceable "as long as the record clearly demonstrates that it was made knowingly and voluntarily." *Id*. at 75 (quoting *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999)). In *Creech*, the defendant argued that he did not knowingly, voluntarily, and intelligently waive his right to appeal his sentence because the trial court made statements at the close of the sentencing hearing that indicated that he had retained the right. Our supreme court rejected his argument with the following analysis:

> While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we think the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement.
>
> Creech does not claim that the language of the plea agreement was unclear or that he misunderstood the terms of the agreement at the time he signed it, but rather claims that his otherwise knowing and voluntary plea lost its knowing and voluntary status

> because the judge told him at the end of the sentencing hearing that he could appeal.
>
> ....
>
> By the time the trial court erroneously advised Creech of the possibility of appeal, Creech had already pled guilty and received the benefit of his bargain. Being told at the close of the hearing that he could appeal presumably had no effect on that transaction.

*Id.* at 76-77 (footnote omitted). Accordingly, the court concluded that the trial court's statements at the sentencing hearing that led the defendant to believe that he retained the right to appeal were not grounds to circumvent the terms of the plea agreement. *Id.* at 77.

[8] *Creech* is distinguishable and does not address how a trial court's misstatements at the guilty plea hearing, rather than the sentencing hearing, impact the determination of whether a defendant's waiver was knowing, voluntary, and intelligent. This Court addressed that very issue in *Ricci v. State*, 894 N.E.2d 1089, 1093-94 (Ind. Ct. App. 2008), *trans. denied*. In contrast to *Creech*, the trial court in *Ricci* had unambiguously stated at the plea hearing that according to its reading of the plea agreement, the defendant had not surrendered the right to appeal his sentence, and the court's statement was not contradicted by counsel for either party. *Id.* In those circumstances, this Court concluded that all parties "entered into the plea agreement with the understanding that Ricci retained the

right to appeal his sentence" and held the written waiver "a nullity." *Id*. at 1094.

[9] Even more on point, in *Bonilla v. State*, 907 N.E.2d 586 (Ind. Ct. App. 2009), *trans. denied,* the defendant entered into a written agreement waiving his right to appeal. *Id*. at 590. At the plea hearing the trial court advised that the defendant "may" have waived his right to appeal his sentence, but promptly advised the defendant of his right to appeal and asked if he understood that right. *Id*. Given the contradictory information the defendant received at the plea hearing and the fact that the defendant was not a native English speaker, we concluded that the defendant did not waive his right to appeal his sentence. *Id*. at 590. In *Bonilla*, we noted that the trial court repeated the same advisement at the sentencing hearing. *Id*. at 590 n.2.

[10] This case is much more akin to *Ricci* and *Bonilla* than to *Creech*. As our supreme court very recently reaffirmed, the trial court plays a critical role "in safeguarding the validity of such waivers." *Johnson v. State*, 145 N.E.3d 785, 786 (Ind. 2020). Given the court's unequivocal advisement to Merriweather, at the plea hearing before he had received the benefit of any bargain, and then again at the sentencing hearing, that he retained the right to appeal his sentence, we find his written waiver of that right a nullity. Merriweather did not waive appellate review of his sentence.

[11] We must note that had we not found Merriweather's waiver of the right to appeal his sentence invalid, an argument could be made that the State waived

the ability to enforce the waiver provision and seek dismissal of this appeal by sitting idly by during the plea hearing, and again at the sentencing hearing, while the trial court gave the erroneous advisements. Indeed, we have rejected the State's request to dismiss an appeal under circumstances when it failed to object to the trial court's erroneous statements regarding the right to appeal pursuant to a plea agreement. *See Williams v. State*, 51 N.E.3d 1205, 1210 (Ind. Ct. App. 2016) (declining to dismiss appeal and noting that State did not object to trial court's erroneous advisement of appeal rights or correct record pursuant to plea agreement). However, we must observe that defense counsel here was just as idle as the State during the trial court's erroneous advisements. Neither party should be rewarded for behavior that is contrary to the administration of justice. *See* Ind. Prof. Cond. Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct prejudicial to the administration of justice).

## Section 2 – Merriweather has not met his burden to demonstrate that his sentence is inappropriate.[1]

[12] Merriweather requests that we reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the

---

[1] Merriweather clearly conflates the abuse-of-discretion standard with the inappropriateness standard, arguing that his sentence is "inappropriate" because the trial court abused its discretion by not giving "proper weight" to the mitigating factors of his young age and recent positive changes of behavior. Appellant's Br. at 10-11. This conflation of arguments is improper as it is well settled that the two types of claims are distinct and are to be analyzed separately. *King v. State*, 894 N.E.2d 265, 266 (Ind. Ct. App. 2008). Because the relative weight or value assignable to mitigating factors is not subject to appellate review for an abuse of discretion, *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218, we will analyze Merriweather's argument solely within the framework of Indiana Appellate Rule 7(B).

sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. "The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). Appellate review "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225.

[13] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). Merriweather was convicted of three level 4 felonies, which carry a sentencing range between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. In accordance with the plea agreement sentencing cap, the trial court

here imposed three consecutive ten-year sentences, for an aggregate sentence of thirty years, which is six years below the statutory maximum allowable aggregate sentence.[2]

[14] When reviewing the nature of the offenses, this Court considers "the details and circumstances of the commission of the offense[s]." *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Merriweather does not even mention the details and circumstances of his offenses, and any attempt to downplay them would certainly have fallen on deaf ears. His offenses are troubling, to say the least. Merriweather and his cohorts, while armed with a deadly weapon, broke into multiple homes during daytime hours with the intent to commit thefts therein. A homeowner was senselessly shot and killed during one of the burglaries. This harm greatly exceeded the basic statutory elements necessary to simply prove the offenses. If not for the plea agreement sentencing cap, the nature of these offenses would warrant a sentence increase rather than a reduction.

[15] Merriweather fares no better when we consider his character. The character of the offender is found in what we learn of his life and conduct. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Included in that assessment is a review of an offender's criminal history. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct.

---

[2] Although we have permitted this appeal to proceed on the merits, we are compelled to emphasize that "a defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness" and appellate relief should be granted "only in the most rare, exceptional cases." *Childress*, 848 N.E.2d at 1081 (Dickson, J., concurring).

App. 2015), *trans. denied* (2016). As noted by the trial court, this is far from Merriweather's first criminal activity. His juvenile criminal history began at age eleven, and his crimes have been escalating in number and severity ever since. He had at least six true findings as a juvenile, and, prior to the instant offenses, he had already been waived into adult court on charges of level 3 felony burglary resulting in bodily injury, level 3 felony robbery, and level 5 felony criminal confinement.[3] After acknowledging Merriweather's young age at the time of these offenses, the trial court aptly observed,

> [Y]ou made some bad choices Mr. Merriweather and the only time you understood the seriousness of those choices was when you were caught. After you knew you were going to have to pay and face the consequences. What is surprising to me, is given as someone as bright as both your mother and grandmother believe you are and shown evidence that you are finishing your high school diploma while you've been in jail; that none of your other experiences with the criminal justice system either as a juvenile or as a young adult ever…. You ever got that message. I mean it wasn't like it was your first time. If this was your first time, I might have a different idea about this, but this was something that you had been through before. This was a crime that you had committed before and none of it got to you and that's what's disturbing for somebody as young as you; to have [amassed] such criminal history [in] such a short lifetime.

---

[3] He was convicted of level 3 felony burglary only in that case and sentenced to community corrections/home detention.

Tr. Vol. 2 at 63. Merriweather's criminal history overshadows any recent positive changes in his behavior while incarcerated. Merriweather has not persuaded us that a sentence reduction is warranted based upon his character.

[16] In sum, Merriweather has not met his burden to demonstrate that his sentence is inappropriate in light of the nature of his offenses or his character. Accordingly, we affirm the thirty-year aggregate sentence imposed by the trial court.

[17] Affirmed.

Robb, J., and Brown, J., concur.