## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 05 2020, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James N. Hartmann, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 5, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-2992 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable Sarah K. Mullican, Judge <br><br> Trial Court Cause Nos. <br> 84D03-1711-F6-3568 <br> 84D03-1508-F4-1968 |

**Rucker, Senior Judge.**

# Statement of the Case

[1] James N. Hartmann pleaded guilty to Burglary. Sentenced to the advisory term of six years, Hartmann appeals contending his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

[2] On July 14, 2014, Hartmann was charged with Burglary as a Level 4 felony.[1] After his arrest, a bond was set, and Hartmann was taken into custody by the Vigo County Sheriff. A few months later the trial court released Hartmann on his own recognizance but required him to obtain mental health treatment at a residential treatment facility and to reside there pending further order of the court. Thereafter, Hartmann and the State entered into a mental health deferral agreement under which Hartmann would plead guilty to Burglary as charged and enter a treatment program administered by the Vigo County Mental Health Court. The trial court would withhold judgment on the guilty plea pending the outcome of the treatment program. Provided Hartmann satisfactorily completed the program, the plea would be set aside, and the State would dismiss the charge. In August 2015 the trial court accepted the parties' agreement. Hartmann pleaded guilty pursuant to its terms and entered the program.

---

[1] Ind. Code §35-43-2-1(1) (2014).

[3] One of the terms of the agreement was that Hartmann would not commit a new criminal offense. Hartmann was participating in the treatment program on October 20, 2017 when, unprovoked, he pointed a BB gun at two of his neighbors threatening to shoot them and chased after the neighbors while waiving a sword. As a result, Hartmann was charged with Count I Criminal Recklessness as a Level 6 felony[2] and Count 2 Intimidation as a Level 6 felony.[3] In consequence, the State filed a motion to terminate the mental health deferral agreement which the trial court granted. After scheduling the case for trial, but following a defense motion for a competency evaluation, on September 3, 2018 the trial court found Hartmann incompetent to stand trial and remanded him to the custody of the Logansport State Hospital. Although the record is not altogether clear, apparently Hartmann was restored to competency on or around February 22, 2019 at which time the Sheriff was ordered to transport Hartmann "from Logansport State Hospital to the Vigo County jail." Appellant's App. Vol. 2, p. 15.

[4] Thereafter, Hartmann entered an agreement with the State which provided that he would plead guilty but mentally ill to both Criminal Recklessness and Intimidation as Level 6 felonies. Hartmann agreed to a sentence of two and a half years for each offense to run concurrently. With regard to the Level 4

---

[2] Ind. Code §35-42-2-2(b)(1)(A) (2014).

[3] Ind. Code §35-45-2-1(b)(1)(A) (2017).

felony Burglary for which Hartmann had previously pleaded guilty, sentencing was left to the discretion of the trial court. The trial court accepted the parties' agreement and Hartmann pleaded guilty accordingly.

At the November 25, 2019 sentencing hearing, the trial court imposed the agreed-upon concurrent sentences of two and a half years for the two Level 6 felonies. Citing Hartmann's criminal history as an aggravating factor and Hartmann's mental health problems as a mitigating factor, the court sentenced Hartmann to a term of six years for the Level 4 felony Burglary to be served consecutively to the sentences imposed for the two Level 6 felonies for a total executed term of eight and a half years. This appeal followed. Additional facts are set forth below.

## Discussion and Decision

### I. Standard of Review

Hartmann seeks to reduce his sentence pursuant to Indiana Appellate Rule 7(B) which provides that this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We independently examine the nature of Hartmann's offense and his character under Rule 7(B) with substantial deference to the trial court's sentence. *See Satterfield v. State,* 33 N.E.3d 344, 355 (Ind. 2015). "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is

whether the sentence is 'inappropriate.'" *Barker v. State,* 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied.* The principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant bears the burden of persuading this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. Appropriateness of Sentence

[7] Concerning the nature of the offense "the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Kunberger v. State*, 46 N.E.2d 966, 973 (Ind. Ct. App. 2015). A reviewing court is thus "unlikely to consider an advisory sentence inappropriate." *Shelby v. State*, 986 N.E.2d 345, 371 (Ind. Ct. App. 2013), *trans denied.* Rather, the defendant "bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App, 2011), *trans. denied.* Here, the advisory sentence for Hartmann's Level 4 felony Burglary conviction is six years with a range of between two years and twelve years. *See* Ind. Code §35-50-2-5.5. Hartmann received a sentence of six years – the advisory term.

[8] Generally, the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Croy v. State,* 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). However, in this case there are few details in the record related to the nature of the offense. Hartmann

acknowledges as much noting "[t]he record is devoid of any particular facts regarding the nature of this offense." Appellant's Br. p. 5. The shallow record on this point is likely a byproduct of the sentence being imposed after a guilty plea rather than after a trial.

[9] In any case one bit of evidence we do have before us bearing on the nature of the offense is the charging information which declares in pertinent part "on or about July 14, 2014 in Vigo County, State of Indiana, James N. Hartmann did break and enter the dwelling of [another person], with the intent to commit theft therein . . . ." Appellant's App. Vol. 2, p. 44. Absent any evidence suggesting otherwise, it appears that Hartmann's offense is nothing other than "the 'typical' offense accounted for by the legislature when it set the advisory sentence." *See Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011). In essence there is nothing unusual about the nature of Hartmann's offense that justifies revision of his sentence. We conclude Hartmann has not carried his heavy burden of demonstrating the nature of the offense renders his advisory sentence inappropriate. *See Bonilla v. State*, 907 N.E.2d 586, 590 (Ind. Ct. App. 2009), *trans. denied*. (holding the advisory sentence was not inappropriate based in part on the fact that "nothing stands out about the nature of this offense").

[10] The "character of the offender" standard in Appellate Rule 7(B) refers to the general sentencing considerations and the relevant aggravating and mitigating circumstances. *Williams v. State*, 782 N.E.2d 1039, 1051 (Ind. Ct. App. 2003). "A defendant's life and conduct are illustrative of his or her character." *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App. 2018). When considering the character of the offender one relevant consideration is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). "The significance of a criminal history . . . varies based on the gravity, nature, and number of prior offenses in relation to the current

offense." *Id.* And we have held that "[e]ven a minor criminal record reflects poorly on a defendant's character." *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017).

[11] Although Hartmann has no prior felony convictions, the record shows a number of misdemeanor charges and convictions dating over a ten-year period. They include the following: Reckless Driving; Operating While Intoxicated; Operating While Intoxicated endangering a person; Invasion of Privacy; Resisting Law Enforcement, Public Intoxication, Disorderly Conduct; and Criminal Trespass. *See* Tr. Vol 2, pp. 43-44; Supp. App. Vol. 2 Conf., pp. 39-40. At the sentencing hearing the trial court recounted this history and also noted Hartmann had recently violated the terms and conditions of his pre-trial release. Tr. Vol. 2, p. 45. The trial court acknowledged Hartmann's "serious mental health issue," which included diagnoses of depression and paranoid schizophrenia. However, the trial court also observed that over the years Hartmann had the opportunity to be placed in mental health treatment programs on four separate occasions and failed to complete the program on three occasions. Imposing the advisory sentence, the trial concluded, "[i]t seems to me that the best place [that] can provide the best treatment for you Mr. [ ] Hartmann is [ ] the Department of Corrections [sic]." *Id.*

[12] Continuing to commit crimes after frequent contacts with the judicial system is a poor reflection on one's character. *Rutherford,* 866 N.E.2d at 874; *see also Conner v. State,* 58 N.E.3d 215, 221 (Ind. Ct. App. 2016) (continued crimes indicate a failure to take full responsibility for one's actions).

Here, Hartmann's criminal record, probationary status, and inability to avail himself of community-based mental health treatment programs, factors that negatively reflect on Hartmann's character, establish that the advisory sentence is not inappropriate in this case. We find no reason in light of the character of the offender to revise Hartmann's sentence.

# Conclusion

We affirm the judgment of the trial court.

Kirsch, J., and Crone, J., concur.